Christopher E. Chang       CEC 3271
Law Offices of Christopher E. Chang
140 Broadway, 46th Floor
New York, New York 10005
(212) 208-1470
E-mail: cechang@juno.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELENA IZKHAKOV,                                   *ECF Case*

                             Plaintiff,           **12 Civ. 0348 (ALC)(MHD)**

            -against-
                                                  **COMPLAINT**

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,                        *Jury trial is demanded.*

                             Defendants.
------------------------------------------------------------x

          Plaintiff Elena Izkhakov, by her attorneys Law Offices of Christopher E. Chang and

Law Offices of Barry Black, PC, for her complaint herein states as follows:

### NATURE OF THE ACTION

          1.  In this action, plaintiff — a medical doctor duly licensed to practice in the country

of Israel — seeks declaratory judgment and injunctive relief and monetary damages based on

defendant's unlawful action in barring plaintiff from taking examinations which are a prerequisite

to obtaining certification to practice medicine in the United States.

### JURISDICTION AND VENUE

          2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a) by reason of

diversity of citizenship of the parties and the amount in controversy exceeding the sum of $75,000

exclusive of interest and costs.

Christopher E. Chang      CEC 3271
Law Offices of Christopher E. Chang
140 Broadway, 46th Floor
New York, New York 10005
(212) 208-1470
E-mail: cechang@juno.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELENA IZKHAKOV,

                                        Plaintiff,              **12 Civ.**          (      )(      )

                  -against-
                                                                **COMPLAINT**

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,                                      *Jury trial is demanded.*

                                        Defendants.
------------------------------------------------------------x

        Plaintiff Elena Izkhakov, by her attorneys Law Offices of Christopher E. Chang and

Law Offices of Barry Black, PC, for her complaint herein states as follows:

### NATURE OF THE ACTION

        1.  In this action, plaintiff — a medical doctor duly licensed to practice in the country

of Israel — seeks declaratory judgment and injunctive relief and monetary damages based on

defendant's unlawful action in barring plaintiff from taking examinations which are a prerequisite

to obtaining certification to practice medicine in the United States.

### JURISDICTION AND VENUE

        2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a) by reason of

diversity of citizenship of the parties and the amount in controversy exceeding the sum of $75,000

exclusive of interest and costs.

-1-

3. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331 (Federal question).

4. Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391 in that defendant resides in this District by reason of the fact that it is subject to the personal jurisdiction of this Court.

## THE PARTIES

### *Plaintiff Elena Izkhakov*

5. Plaintiff Elena Izkhakov ("Dr. Izkhakov") is a lawful permanent resident of the United States having a residence located at 47/8 Be'eri Street, Tel-Aviv, Israel 64233.

6. As set forth in further detail herein, Dr. Izkhakov is a medical doctor duly licensed to practice medicine in Israel.

### *Defendant Education Commission*
### *for Foreign Medical Graduates*

7. Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") is a not-for-profit corporation organized and existing under the laws of the State of Pennsylvania having its principal office located at 3624 Market Street, Philadelphia, PA 19104-2685.

8. ECFMG is subject to the personal jurisdiction of the courts of the State of New York pursuant to CPLR § 302 in that ECFMG transacts business within the State of New York.

8. Among other activities, ECFMG utilizes a certification program to assess whether foreign medical graduates ("IMG") are qualified to enter and attend accredited medical residency and/or medical fellowship programs in the United States.

9. In order to obtain ECFMG certification, an IMG must, among other requirements,

pass two steps of the United States Medical Licensing Examination ("USMLE") and an English language examination.

10. Without ECFMG certification, an IMG cannot qualify for and attend accredited medical residency and/or medical fellowship programs in the United States.

11. Registration to take USMLE examinations is done through ECFMG.

## STATEMENT OF THE CASE

12. Dr. Izkhakov is presently 46 (date of birth: April 20, 1965).

13. Born and raised in Uzbekistan, Dr. Izkhakov graduated with a medical degree from Tashkent State Medical Institute in Uzbekistan in 1988. Following graduation, Dr. Izkhakov completed her internship at Tashkent State Hospital 16.

14. In 1990, Dr. Izkhakov emigrated to Israel with her husband and two children at which time she enrolled in a course of general medicine at Tel Aviv Medical Center's distinguished Ichilov Hospital.

15. In 1991, Dr. Izkhakov was certified to practice medicine in Israel.

16. In 1996, after completing a four-year internal medicine residency at Ichilov Hospital, Dr. Izkhakov received a certificate of specialist in internal medicine

17. From 1996 through 2003, Dr. Izkhakov was an attending physician in the Department of Internal Medicine at Ichilov Hospital.

18. In 2005, after completing a two-year endocrinology residency at Ichilov Hospital, Dr. Izkhakov received a certificate of specialist in endocrinology.

19. From 2006 to the present, Dr. Izkhakov has been and continues to be an attending endocrinologist in the Department of Endocrinology at Ichilov Hospital.

-3-

20. Dr. Izkhakov has published extensively in her areas of medical training and has appeared on numerous Israeli television medical programs.

21. On March 14, 2010, Dr. Izkhakov completed ECFMG's On-line Authentication Process, a prerequisite to submitting an application for examination to ECFMG. Dr. Izkhakov had previously submitted applications to ECFMG to take USMLE examinations, but never by ECFMG's on-line computer authentication process.

22. In connection with ECFMG's certification process, ECFMG defines "irregular behavior" as follows:

> *Irregular behavior* includes all actions or attempted actions on the part of applicants, examinees, potential applicants, others when solicited by an applicant and/or examinee, or any other person that would or could subvert the examination, certification or other processes, programs, or services of ECFMG, including, not limited to, the ECFMG Exchange Visitor Sponsorship Program, ECFMG International Credentials Services (EICS), the Electronic Portfolio of International Credentials (EPIC), and Electronic Residency Application Service (ERAS) Support Services at ECFMG.

23. Based on ECFMG's definition of "irregular behavior," a determination that an IMG engaged in "irregular behavior" is tantamount to a determination that an IMG engaged in intentional misconduct.

24. By letter dated March 29, 2010, ECFMG informed Dr. Izkhakov that she had engaged in "irregular behavior" in connection with her completion of ECFMG's On-line Authentication Process by providing false information to ECFMG.

25. Specifically, ECFMG cited two bases for its allegation against Dr. Izkhakov: *first*, that Dr. Izkhakov had clicked the button which read "[n]o, I have never submitted an application to ECFMG for any examination," rather than the button which read "[y]es, I have

-4-

previously submitted an application to ECFMG for examination, even if I did not take the

examination;" and *second*, that Dr. Izkhakov had identified from a "pick list" of medical schools

"Second Tashkent State Medical Institute" as the medical school she had attended which did not

match the name of the medical school in Dr. Izkhakov's ECFMG record.

       26. On March 30, 2010 — the same day Dr. Izkhakov received ECFMG's March 29th

"allegation" letter — Dr. Izkhakov denied ECFMG's allegation of "irregular behavior, responding

with the following letter:

> My name is Dr. Elena Izkhakov and I am an applicant for the 2010
> USMLE step 1. I work as an Endocrinologist at the Tel-Aviv
> Medical Center, Israel. On March 14, 2010 I completed ECFMG's
> On-line Authentication Process. While reading the instructions, I
> thought that the question asked whether I took the electronic version
> of the test before, which I did not. Therefore, my answer was 'No'.
> I never meant to provide any misleading information to ECFMG's
> Agency. I took the written version of the test in the past. This was
> an honest misunderstanding of the question on my part. I am deeply
> sorry for this mistake and the inconvenience that I caused. My
> intentions were sincere and candid.
>
> I graduated from Medical School in 1988. At the time, this school
> was named as the Tashkent State Medical Institute. Several years
> ago, this institute was separated into two independent medical schools
> known as the First Tashkent State Medical Institute, and Second
> Tashkent State Medical Institute. While completing the On-line
> Authentication Process, the list of Medical Schools provided both of
> the new names, from which I choose the one that applied to me most.
>
> Additionally, my current address has been changed from the one you
> have on your records. It is now 47/8 Beeri street, Tel-Aviv Israel
> 64233. Please update your records.
>
> I truly apologize for the misunderstanding which I caused, and I hope
> that this incident will not bar me from participating *(sp)* the USMLE
> step 1 examination this year. This is the first time that I used an
> electronic media for completing an application, and I will certainly be
> extra careful with future processes.

27. By letter dated May 20, 2010, ECFMG informed Dr. Izkhakov that ECFMG's Medical Education Credentials Committee ("Credentials Committee") had reviewed ECFMG's March 29, 2010 allegation of "irregular behavior" and Dr. Izkhakov's March 30, 2010 response, and concluded that Dr. Izkhakov had engaged in "irregular behavior" by providing false information in connection with the ECFMG On-line Authentication Process.

28. ECFMG's May 20, 2010 letter advised Dr. Izkhakov that she would be sanctioned as follows: i) she was barred from admission to all ECFMG examinations and from ECFMG Certification for a yet to be specified period of time; and ii) the matter would be referred to the USMLE Committee on Irregular Behavior and Score Validity.

29. ECFMG's May 20, 2010 letter then outlined further punitive measures which would be taken against Dr. Izkhatov:

> In accordance with ECFMG policies and procedures, a permanent annotation that you engaged in irregular behavior will be included in your ECFMG record. This annotation shall appear on your ECFMG Certification Verification Service (CVS) Report and ECFMG Status Report. Additional information explaining the basis for the finding of irregular behavior and the resulting action will accompany every ECFMG Status Report and CVS Report and may also be provided to legitimately interested entities. In addition, ECFMG will report the determination of irregular behavior and bar from admission to all ECFMG examinations and from ECFMG Certification to the Federation of State Medical Boards, state medical licensing authorities, directors of graduate medical education programs, and other interested entities.

30. On September 7, 2010, Dr. Izkhakov (by an attorney) submitted a petition for reconsideration of the Credentials Committee's May 20, 2010 finding and sanctions.

31. By letter dated October 7, 2010, Dr. Izkhakov's petition for reconsideration was summarily denied by the Credentials Committee.

32. By written submission dated October 18, 2010, Dr. Izkhakov (by an attorney) submitted a second petition for reconsideration of the Credentials Committee's May 20, 2010 finding and sanctions.

33. By letter dated October 29, 2010, Dr. Izkhakov's second petition for reconsideration was summarily denied by the Credentials Committee.

34. In both petitions for reconsideration, substantial incontrovertible proof was presented to the Credentials Committee on behalf of Dr. Izkahakov demonstrating that the actions considered by ECFMG to be "irregular behavior" were not "irregular behavior" but the result of honest mistakes by Dr. Izkhakov.

35. On December 3, 2010, Dr. Izkhakov (by an attorney) filed a Notice of Appeal of the Credentials Committee's May 20, 2010 finding and sanctions. Dr. Izkhakov's appeal was referred to ECFMG's Review Committee for Appeals ("Appeals Committee") for review and determination.

36. By letter dated October 25, 2011, Dr. Izkhakov's appeal was summarily denied by the Appeals Committee and the sanctions imposed by the Credentials Committee — as set forth in its May 20, 2010 letter to Dr. Izkhakov — remain in full force and effect.

37. By letter dated January 4, 2012, Dr. Izkhakov requested the ECFMG to specify an expiration date of the "bar" imposed on Dr. Izkhakov from admission to all ECFMG examinations and from ECFMG Certification.

38. By letter dated January 13, 2012, ECFMG responded to Dr. Izkhakov's January 4, 2012 inquiry stating, in substance, that an expiration date of the "bar" imposed on Dr. Izkhakov had not been determined.

## FIRST CLAIM FOR RELIEF
### (*Declaratory Judgment and Injunctive Relief*)

39.  ECFMG's determination that Dr. Izkhakov engaged in "irregular behavior" in connection with her completion of ECFMG's On-line Authentication Process by providing false information to ECFMG is factually unfounded and without merit and is arbitrary and capricious.

40.  Further, the sanctions imposed by ECFMG against Dr. Izkhakov including, but not limited to, barring Dr. Izkhakov from admission to all ECFMG examinations and from ECFMG Certification for an unspecified period of time is arbitrary and capricious, excessive and unlawful.

41. The sanctions imposed by ECFMG against Dr. Izkhakov  unlawfully denies her the opportunity to attempt to qualify to practice medicine in the United States and effectively constitutes a permanent unlawful ban on Dr. Izkhakov to attempt to qualify to practice medicine in the United States.

42.  ECFMG's actions violate the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

43.  Dr. Izkhakov has exhausted all administrative remedies provided by ECFMG to obtain redress for ECFMG's unlawful action.

44.  Dr. Izkhakov has no adequate remedy at law to redress ECFMG's unlawful action.

45.  As set forth above, an actual controversy exists between Dr. Izkhakov and ECFMG which warrant and mandate declaratory judgment relief pursuant to 28 U.S.C.§ 2201.

46. By reason of the foregoing, Dr. Izkhakov is entitled to declaratory judgment and injunctive relief as requested in the "wherefore" clause herein.

## SECOND CLAIM FOR RELIEF
### (*Defamation*)

47.   ECFMG's unfounded statements that Dr. Izkhakov engaged in "irregular behavior" are patently false and defamatory.

48.   ECFMG's unfounded statements that Dr. Izkhakov engaged in "irregular behavior" were not privileged and were and continue to be made and disseminated to third parties.

49.   ECFMG's unfounded determination and statements that Dr. Izkhakov engaged in "irregular behavior" are defamatory *per se* in that they are false statements which have denigrated and continue to denigrate Dr. Izkhakov's professional reputation and character.

50.   As a consequence of ECFMG's unfounded statements that Dr. Izkhakov engaged in "irregular behavior", Dr. Izkhakov has suffered substantial damage to her professional reputation and character.

51.   By reason of the foregoing, Dr. Izkhakov is entitled to the recovery of compensatory damages against ECFMG in the amount of not less than $2 million.

## THIRD CLAIM FOR RELIEF
### (*Prima Facie Tort*)

52.   ECFMG's unfounded determination that Dr. Izkhakov engaged in "irregular behavior" and the excessive sanctions imposed by ECFMG against Dr. Izkhakov were wilful and without reasonable or probable cause.

53.   ECFMG's determination that Dr. Izkhakov engaged in "irregular behavior" and the excessive sanctions imposed by ECFMG against Dr. Izkhakov were performed by defendants without legal or social justification.

54.   ECFMG's unfounded determination that Dr. Izkhakov engaged in "irregular

behavior" and the excessive sanctions imposed by ECFMG against Dr. Izkhakov were performed with the deliberate intent of injuring Dr. Izkhakov

      55.  As a direct and proximate result of defendants' wrongful and unlawful conduct, Dr. Izkhakov has sustained damages in the amount of not less than $2 million and is entitled to an award of punitive damages in the amount of not less than $1 million.

      **WHEREFORE,** Dr. Izkhakov demands judgment against ECFMG as follows:

      a.  In respect of the First Claim for Relief, (i) a declaratory judgment pursuant to 28 U.S.C. § 2201 that Dr. Izkhakov did not engage in "irregular behavior" as determined by ECFMG and voiding any and all sanctions imposed by ECFMG against Dr. Izkhakov, and (ii) an injunction permanently restraining and enjoining ECFMG from imposing and implementing any and all sanctions against Dr. Izkhakov including, but not limited to, barring Dr. Izkhakov from admission to ECFMG examinations and from ECFMG Certification and any of the actions set forth in ¶ 29 above;

      b.  In respect of the Second Claim for Relief, an award of damages in the sum of not less than $2 million;

      c.  In respect of the Third Claim for Relief, an award of damages in the sum of not less than $2 million and punitive damages in the amount of not less than $1 million;

      d.  The costs and disbursements of this action, including attorneys' fees; and

e. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 17, 2012

_____
Christopher E. Chang        CEC 3271
Law Offices of Christopher E. Chang
*Attorneys for Plaintiff*
140 Broadway, 46th Floor
New York, New York 10005
(212) 208-1470
E-mail: cechang@juno.com

-and-

Law Offices of Barry Black, PC
479 S. Oyster Bay Road
Plainview, New York 11803
(516) 247-1510
E-mail: barryblack@barryblacklaw.com
*Of Counsel*

-11-