**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

ELENA IZKHAKOV,                                         :          *ECF Case*
                                                        :
                              Plaintiff,                :          **12 Civ. 0348 (ALC)(MHD)**
                                                        :
              v.                                        :
                                                        :          **ANSWER AND AFFIRMATIVE**
                                                        :          **DEFENSES OF DEFENDANT**
EDUCATIONAL COMMISSION FOR                              :
FOREIGN MEDICAL GRADUATES,                              :          *Jury trial is demanded.*
                                                        :
                                                        :
                              Defendant.                :
-------------------------------------------------------------x

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by and

through its undersigned counsel, answers Plaintiff's Complaint in accordance with the numbered

paragraphs thereof as follows:

## NATURE OF THE ACTION

1.        Denied.  Paragraph 1 of the Complaint purports to state legal conclusions to

which no responsive pleading is required.

## JURISDICTION AND VENUE

2.        Denied.  Paragraph 2 of the Complaint purports to state legal conclusions to

which no responsive pleading is required.

3.        Denied.  Paragraph 3 of the Complaint purports to state legal conclusions to

which no responsive pleading is required.

4.        Denied.  Paragraph 4 of the Complaint purports to state legal conclusions to

which no responsive pleading is required.  Defendant further directs Plaintiff to the Motion to

Transfer Venue filed concurrently with this Answer.

## THE PARTIES

### Plaintiff Elena Izkhakov

5.      Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 5 of the Complaint.

6.      Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 6 of the Complaint.

### Defendant Education Commission for Foreign Medical Graduates

7.      Admitted in part and denied in part.  It is admitted only that ECFMG is a private non-profit entity, which has a principal office at 3624 Market Street, Philadelphia, PA 19104-2685.  It is denied that ECFMG is organized and existing under the laws of the State of Pennsylvania.  To the contrary, ECFMG is incorporated in the State of Illinois.

8.      Denied.  Paragraph 8 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

8. [sic] Denied as stated.  It is admitted only that one of ECFMG's functions is to certify that international medical graduates ("IMGs") have met the minimum standards of eligibility for accredited residency and fellowship programs in the United States by verifying the validity of an IMG's medical school diploma and final medical school transcript directly with the medical school and by ensuring that the IMGs have taken and passed the requisite standardized examinations.

9.      Denied as stated.  It is admitted only that IMGs, among other requirements for ECFMG certification, must currently satisfy examination requirements including passing Step 1 and Step 2 of the United States Medical Licensing Examination ("USMLE").  The Step 2 exam includes two components:  Clinical Knowledge and Clinical Skills.

10.     Denied.  An IMG has other pathways to U.S. medical residency programs and then licensure, including but not limited to enrolling in and graduating from a medical school in the United States.

11.     Denied as stated.  It is admitted only that before applying for USMLE examinations, IMGs must submit the Application for ECFMG Certification and read the appropriate edition of the ECFMG *Information Booklet* and USMLE *Bulletin of Information*. After completing these steps, IMGs desiring to take the USMLE apply using ECFMG's Interactive Web Application.

## STATEMENT OF THE CASE

12.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 12 of the Complaint.

13.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that Dr. Izkhakov's August 24, 1998 application to ECFMG stated that she graduated from Tashkent State Medical Institute in Uzbekistan in 1988.  Defendant is without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations of Paragraph 13 of the Complaint.

14.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 14 of the Complaint.

15.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 15 of the Complaint.

16.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 16 of the Complaint.

17.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 17 of the Complaint.

18.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 18 of the Complaint.

19.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 19 of the Complaint.

20.     Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 20 of the Complaint.

21.     Denied as stated.  It is admitted only that ECFMG's records indicate that Dr. Izkhakov completed an on-line Authentication Process on March 14, 2010.  It is further admitted that ECFMG's records indicate that, prior to March 14, 2010, Dr. Izkhakov had submitted nine applications to ECFMG.

22.     Denied.  It is denied insofar as Paragraph 22 of the Complaint references a portion of a document which speaks for itself; Plaintiff's characterization thereof is denied.

23.     Denied.  Paragraph 23 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

24.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on March 29, 2010, William Kelly, Associate Vice President for Operations for ECFMG, sent a letter to Dr. Izkhakov.  The remaining allegations of Paragraph 24 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

25.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on March 29, 2010, William Kelly, Associate Vice President for Operations for

4

ECFMG, sent a letter to Dr. Izkhakov.  The remaining allegations of Paragraph 25 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

26.    Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on March 30, 2010, Dr. Izkhakov sent a letter to William Kelly, Associate Vice President for Operations for ECFMG.  The remaining allegations of Paragraph 26 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

27.    Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on May 20, 2010, William Kelly, Associate Vice President for Operations for ECFMG, sent a letter to Dr. Izkhakov.  The remaining allegations of Paragraph 27 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

28.    Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on May 20, 2010, William Kelly, Associate Vice President for Operations for ECFMG, sent a letter to Dr. Izkhakov.  The remaining allegations of Paragraph 28 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

29.    Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on May 20, 2010, William Kelly, Associate Vice President for Operations for ECFMG, sent a letter to Dr. Izkhakov.  The remaining allegations of Paragraph 29 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

30.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on September 7, 2010, a document captioned "Petition for Reconsideration" was sent by Barry Black, counsel for Dr. Izkhakov, to William Kelly, Associate Vice President for Operations for ECFMG.  The remaining allegations of Paragraph 30 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

31.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on October 7, 2010, William Kelly, Associate Vice President for Operations for ECFMG, sent a letter to Dr. Izkhakov c/o Barry Black.  The remaining allegations of Paragraph 31 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.  Further, to the extent Paragraph 31 of the Complaint purports to state legal conclusions, no responsive pleading is required.

32.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on October 18, 2010, document captioned "Petition for Reconsideration" was sent by Barry Black to William Kelly, Associate Vice President for Operations for ECFMG.  The remaining allegations of Paragraph 32 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

33.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on October 29, 2010, William Kelly, Associate Vice President for Operations for ECFMG, sent a letter to Barry Black.  The remaining allegations of Paragraph 33 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.  Further, to the extent Paragraph 33 of the Complaint purports to state legal conclusions, no responsive pleading is required.

34.     Denied.  Paragraph 34 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

35.     Admitted in part and denied in part.  It is admitted that ECFMG's records reflect that on December 3, 2010, Dr. Izkhakov filed a document captioned "Notice of Appeal."  It is admitted further that ECFMG referred Dr. Izkhakov's appeal to the ECFMG Review Committee for Appeals.  The remaining allegations of Paragraph 35 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

36.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on October 25, 2011, and at the direction of the ECFMG Review Committee for Appeals, Stephen Seeling, Vice President for Operations for ECFMG, sent a letter to Dr. Izkhakov.  The remaining allegations of Paragraph 36 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.  Further, to the extent Paragraph 36 of the Complaint purports to state legal conclusions, no responsive pleading is required.

37.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on January 4, 2012, Barry Black sent a letter to Stephen Seeling, Vice President for Operations for ECFMG.  The remaining allegations of Paragraph 37 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

38.     Admitted in part and denied in part.  It is admitted only that ECFMG's records reflect that on January 13, 2012, Stephen Seeling, Vice President for Operations for ECFMG, sent a letter to Barry Black.  The remaining allegations of Paragraph 38 of the Complaint reference a document which speaks for itself; Plaintiff's characterization thereof is denied.

## FIRST CLAIM FOR RELIEF
### *(Declaratory Judgment and Injunctive Relief)*

39.     Denied.  Paragraph 39 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

40.     Denied.  Paragraph 40 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

41.     Denied.  Paragraph 41 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

42.     Denied.  Paragraph 42 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

43.     Denied.  Paragraph 43 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

44.     Denied.  Paragraph 44 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

45.     Denied.  Paragraph 45 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

46.     Denied.  Paragraph 46 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to declaratory judgment and/or injunctive relief.  Defendant demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding Defendant reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

## SECOND CLAIM FOR RELIEF
### *(Defamation)*

47.     Denied.  Paragraph 47 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

48.     Denied.  Paragraph 48 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

49.     Denied.  Paragraph 49 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

50.     Denied.  Paragraph 50 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

51.     Denied.  Paragraph 51 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

**WHEREFORE**, Defendant denies that it is liable to Plaintiff on a defamation action. Defendant demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding Defendant reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

## THIRD CLAIM FOR RELIEF
### *(Prima Facie Tort)*

52.     Denied.  Paragraph 52 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

53.     Denied.  Paragraph 53 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

54.     Denied.  Paragraph 54 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

55.     Denied.  Paragraph 55 of the Complaint purports to state legal conclusions to which no responsive pleading is required.

**WHEREFORE**, Defendant denies that it is liable to Plaintiff for a *prima facie* tort. Defendant demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding Defendant reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

<u>**AFFIRMATIVE DEFENSES OF DEFENDANT**</u>
<u>**FIRST AFFIRMATIVE DEFENSE**</u>

Plaintiff fails to state any claim upon which relief may be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are limited and/or barred by the applicable statutes of limitations.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are limited and/or barred by the express terms of the policy, program, and/or agreement(s) that form the basis of the matters complained of.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are limited and/or barred by the doctrine of laches.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are limited and/or barred by the doctrines of waiver and/or equitable estoppel.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are limited and/or barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred because she has not suffered or incurred any recognizable damage or harm caused either directly or indirectly by ECFMG.

## EIGHT AFFIRMATIVE DEFENSE

To the extent Plaintiff has been damaged, which ECFMG denies, all such damages were proximately and directly caused by the Plaintiff's own acts and/or omissions.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred due to her failure to mitigate damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred by the doctrine of *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of remedies available to her and to otherwise avoid harm.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because she has an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because she will not be irreparably harmed in the absence of such relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because the relief sought by Plaintiff is contrary to public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because she has not satisfied the requirements for mandatory injunctive relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred because ECFMG duly performed, satisfied, and/or discharged any and all duties or obligations it may have owed Plaintiff.

## RESERVATION OF RIGHTS

ECFMG reserves the right to include any such other defenses as it may deem appropriate after discovery in this matter.

Respectfully submitted,

| | |
|---|---|
| March 19, 2012 | /s/ Heather L. Hopkins |
| Date | Heather L. Hopkins (HH-6839) |
| | Morgan, Lewis & Bockius LLP |
| | 101 Park Avenue |
| | New York, New York 10178-0060 |
| | 212.309.6000 (tele) |
| | 212.309.6001 (fax) |
| | hhopkins@morganlewis.com |
| | |
| | OF COUNSEL: |
| | Brian W. Shaffer |
| | Morgan, Lewis & Bockius LLP |
| | 1701 Market Street |
| | Philadelphia, Pennsylvania 19103-2921 |
| | 215.963.5000 (tele) |
| | 215.963.5001 (fax) |
| | bshaffer@morganlewis.com |
| | |
| | *Attorneys for Defendant Educational Commission for Foreign Medical Graduates* |

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ELENA IZKHAKOV,                              :        *ECF Case*
                                             :
                            Plaintiff,       :        **12 Civ. 0348 (ALC)(MHD)**
                                             :
             v.                              :
                                             :        **ANSWER AND AFFIRMATIVE**
                                             :        <u>**DEFENSES OF DEFENDANT**</u>
EDUCATIONAL COMMISSION FOR                   :
FOREIGN MEDICAL GRADUATES,                   :
                                             :
                                             :
                            Defendant.       :
------------------------------------------------------------x

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the foregoing Answer and Affirmative Defenses of

Defendant has been filed electronically on this 19th day of March, 2012 and is available for

viewing and downloading from the Court's Electronic Case Filing ("ECF") system.


                                        /s/  Heather L. Hopkins
                                        Heather L. Hopkins (HH-6839)