**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELENA IZKHAKOV, Plaintiff, | ***ECF Case*** |
| -against- | **12 Civ. 0348 (ALC)(MHD)** |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, Defendant. | |

**DEFENDANT ECFMG'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**


I. **INTRODUCTION** ........ 1

II. **STATEMENT OF RELEVANT FACTS** ........ 2

III. **LEGAL STANDARD FOR A MOTION TO TRANSFER VENUE** ........ 5

IV. **ARGUMENT** ........ 6

A. **This Action Could Have Been Brought in the Eastern District of Pennsylvania** ........ 6

B. **Transferring This Case Will Serve the Convenience of the Parties and Witnesses and Be in the Interest of Justice** ........ 7

1. The Private Interest Factors Compel Transfer to the Eastern District of Pennsylvania ........ 7

a. *The Actions Underlying Plaintiff's Allegations Occurred in Philadelphia* ........ 8

b. *Relevant Witnesses and Documents Are Located in Philadelphia* ........ 9

c. *Plaintiff's Choice of Venue is Entitled to Diminished Weight* ........ 10

d. *The Convenience of the Parties Favors Transfer* ........ 11

e. *Other Private Interest Factors Favor Transfer* ........ 12

2. No Public Interest Factor Argues Against Transfer to the Eastern District of Pennsylvania ........ 13

V. **CONCLUSION** ........ 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*,
474 F. Supp. 2d 474 (S.D.N.Y. 2007)....................9

*Blum v. Salomon*,
No. 06 Civ. 3149, 2006 WL 3851157 (S.D.N.Y. Dec. 26, 2006)....................5, 8

*Brockmeyer v. May*,
No. 98 Civ. 5521, 1999 WL 191547 (S.D.N.Y. Apr. 6, 1999)....................7

*Cagle v. Cooper Cos.*,
Nos. 91 Civ. 7828, 94 Civ. 4350, 92 Civ. 1650, 91 Civ. 6996, 93 Civ. 8970, 1996 WL 345771 (S.D.N.Y. June 24, 1996)....................5, 10

*Crow Constr. Co. v. Jeffrey M. Brown Assocs.*,
No. 01 Civ. 3839, 2001 WL 1006721 (S.D.N.Y. Aug. 31, 2001)....................7

*Eres N.V. v. Citgo Asphalt Ref. Co.*,
605 F. Supp. 2d 473 (S.D.N.Y. 2009)....................6, 8, 9

*Frame v. Whole Foods Mkt., Inc.*,
No. 06 Civ. 7058, 2007 WL 2815613 (S.D.N.Y. Sept. 24, 2007)....................11

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
415 F. Supp. 2d 370 (S.D.N.Y. 2006)....................12

*Intria Corp. v. Intira Corp.*,
No. 00 Civ. 7198, 2000 WL 1745043 (S.D.N.Y. Nov. 27, 2000)....................10

*Murray v. British Broad. Corp.*,
81 F.3d 287 (2d Cir. 1996)....................5

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
425 F. Supp. 2d 325 (E.D.N.Y. 2006)....................11

*Panama Processes, S.A. v. Cities Serv. Co.*,
650 F.2d 408 (2d Cir. 1981)....................9

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)....................5

*Royal Ins. Co. of Am. v. United States*,
998 F. Supp. 351 (S.D.N.Y. 1998)....................10

*Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*,
774 F. Supp. 858 (S.D.N.Y. 1991) ........ 8

*Walker v. Jon Renau Collection, Inc.*,
423 F. Supp. 2d 115 (S.D.N.Y. 2005) ........ 6, 11, 12, 13

*Zepherin v. Greyhound Lines Inc.*,
415 F. Supp. 2d 409 (S.D.N.Y. 2006) ........ 12

**STATUTES**

28 U.S.C. § 1331 ........ 7

28 U.S.C. § 1332 ........ 7

28 U.S.C. § 1391 ........ 5, 6, 7

28 U.S.C. § 1404(a) ........ 1, 5, 6, 9

**OTHER AUTHORITIES**

ECFMG Policies and Procedures Regarding Irregular Behavior,
http://www.ecfmg.org/programs/irregular-behavior.html (last visited Mar. 13, 2012). ........ 2

## I. INTRODUCTION

Defendant the Educational Commission for Foreign Medical Graduates ("ECFMG") seeks transfer of this action, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of Pennsylvania[1] because transfer is both more convenient and in the interests of justice.

The allegations in Plaintiff Dr. Elena Izkhakov's Complaint, in which she seeks declaratory judgment and injunctive relief as well as compensatory and punitive damages resulting from defamation and a *prima facie* tort, (Dkt. No. 1), have virtually no connection to this District. None of the alleged wrongful conduct occurred in this District. There are likely no material witnesses or documents located in this District. Plaintiff does not reside in this District. No particularized alleged injury occurred in this District, or to anyone located in this District.[2]

In contrast, the relevant actions and decisions about which Plaintiff complains took place in the Eastern District of Pennsylvania. ECFMG is located in the Eastern District of Pennsylvania and that is also where virtually all key ECFMG witnesses work. Without a transfer from the Southern District of New York, these witnesses will undergo substantial hardship and inconvenience, a result to be avoided according to the governing case law. For her part, Plaintiff is apparently a resident of Israel, and Philadelphia would be no more inconvenient to her than New York. For these reasons and all the reasons set forth herein, this case should be transferred to the Eastern District of Pennsylvania.

---

1 The Federal Courthouse for the Eastern District of Pennsylvania is located in Philadelphia, Pennsylvania.

2 Indeed, the *only* connection to the Southern District of New York of which ECFMG is aware is the location of the law offices of Plaintiff's counsel. And, a question of proper venue does not turn on the location of a party's attorney.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff is a medical doctor who resides in Tel-Aviv, Israel. (Dkt. 1, Compl. ¶¶ 1, 5.) Plaintiff earned her medical degree from Tashkent State Medical Institute in Uzbekistan in 1988. (Dkt. 1, Compl. ¶ 13.) According to Plaintiff's Complaint, in 1990, Plaintiff emigrated to Israel, was licensed to practice medicine in Israel and is currently an attending endocrinologist in Israel. (Dkt. 1, Compl. ¶¶ 14-15, 19.)

ECFMG is a private non-profit entity, which has its principal office and approximately 440 employees in Philadelphia, Pennsylvania. (Declaration of William C. Kelly in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Kelly Decl.") ¶¶ 4-5.) One of ECFMG's functions is to certify that international medical graduates ("IMGs") have met the minimum standards of eligibility for accredited residency and fellowship programs in the United States by verifying the validity of an IMG's medical school diploma and final medical school transcript and ensuring that the IMGs have taken and passed certain standardized examinations. (Kelly Decl. ¶ 6.) ECFMG operates this certification process out of its Philadelphia office. (Kelly Decl. ¶ 7.) ECFMG staff in Philadelphia investigate allegations of "irregular behavior"[3] in connection with the application certification process. (Kelly Decl. ¶ 10.) The ECFMG Education Credentials Committee then considers allegations of "irregular behavior" referred to it by ECFMG staff. (Kelly Decl. ¶ 11.)

On March 14, 2010, Plaintiff, while in Israel, completed ECFMG's On-Line Authentication Process, (*see* Dkt. 1, Compl. ¶ 21.), a prerequisite to submitting an application for

---

3 "Irregular behavior includes all actions or attempted actions on the part of applicants . . . that would or could subvert the examination, certification or other processes, programs, or services of ECFMG . . . . Examples of irregular behavior include, but are not limited to . . . falsification of information on applications, submissions, or other materials to ECFMG." ECFMG Policies and Procedures Regarding Irregular Behavior, http://www.ecfmg.org/programs/irregular-behavior.html (last visited Mar. 13, 2012).

the ECFMG certification examination. (Kelly Decl. ¶ 8.) Plaintiff's on-line application was processed in Philadelphia by ECFMG employees. (Kelly Decl. ¶ 9.) Plaintiff's application was investigated in Philadelphia by ECFMG staff. (Kelly Decl. ¶¶ 10-12). Based on its review of Plaintiff's on-line application, ECFMG sent a letter to Plaintiff on March 29, 2010, that notified Plaintiff of allegations that she "engaged in irregular behavior in connection with [her] providing false information[4] to ECFMG." (*See* Dkt. 1, Compl. ¶ 24.) Additionally, the March 29, 2010 letter informed Plaintiff that her case would be referred to the ECFMG Medical Education Credentials Committee for review in Philadelphia.

The events that followed make up the entirety of Plaintiff's claims and, as seen from the correspondence below, all of Plaintiff's interactions with ECFMG were directed to its Philadelphia location or ECFMG's staff based in Philadelphia:

- On March 30, 2010 Plaintiff responded by letter to an ECFMG employee in Philadelphia. (*See* Dkt. 1, Compl. ¶ 26.)
- On May 11, 2010, the ECFMG Education Credentials Committee reviewed Plaintiff's case at its meeting in Philadelphia. (Kelly Decl. ¶ 13.)
- On May 20, 2010, ECFMG, by letter from its Philadelphia office, notified Plaintiff of the ECFMG Education Credentials Committee's decision that she engaged in "irregular behavior" and the resulting sanctions. (*See* Dkt. 1, Compl. ¶29.)
- On September 7, 2010, Plaintiff submitted a petition for reconsideration to ECFMG in Philadelphia. (*See* Dkt. 1, Compl. ¶ 30.)
- On October 7, 2010, ECFMG, by letter from its Philadelphia office, notified Plaintiff that her petition for reconsideration was denied due to lack of newly discovered material. (*See* Dkt. 1, Compl. ¶ 31.)

---

4 First, Plaintiff falsely stated that she had not submitted an application to ECFMG previously. Plaintiff had submitted nine previous paper applications to ECFMG. Second, Plaintiff falsely stated that she graduated from Second Tashkent State Medical Institute. Plaintiff's nine previous applications stated that she graduated from Tashkent State Medical Institute.

- On October 18, 2010, Plaintiff submitted a second petition for reconsideration to ECFMG in Philadelphia. (*See* Dkt. 1, Compl. ¶ 32.)
- On October 29, 2010, ECFMG, by letter from its Philadelphia office, notified Plaintiff that her second petition for reconsideration was denied due to lack of newly discovered material. (*See* Dkt. 1, Compl. ¶ 33.)
- On December 3, 2010, Plaintiff submitted a notice of appeal of the ECFMG Education Credentials Committee's decision regarding "irregular behavior" to ECFMG in Philadelphia. (*See* Dkt. 1, Compl. ¶ 35.)
- On October 14, 2011, the ECFMG Review Committee for Appeals considered Plaintiff's appeal at its meeting in Philadelphia. (Kelly Decl. ¶ 14.)
- On October 25, 2011, ECFMG, by letter from its Philadelphia office, notified Plaintiff that the ECFMG Review Committee for Appeals did not grant her appeal. (*See* Dkt. 1, Compl. ¶ 36.)

Subsequently, Plaintiff initiated this action in the Southern District of New York, alleging that the events described above caused her harm.

As evidenced by the timeline above, all events central to Plaintiff's allegations occurred in Philadelphia. The following Philadelphia-based ECFMG employees have relevant information and/or documentation regarding these events: William C. Kelly, Stephen S. Seeling, and Kara Corrado. (Kelly Decl. ¶¶ 15-17.)

ECFMG is unaware of any relevant witnesses, documents or other evidence located in the Southern District of New York. (Kelly Decl. ¶ 21.) Moreover, Plaintiff has not pleaded facts in her Complaint suggesting she intends to rely on evidence located in the Southern District of New York.

As next explained, these facts strongly support the transfer of this action to the Eastern District of Pennsylvania.

## III. LEGAL STANDARD FOR A MOTION TO TRANSFER VENUE

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The underlying premise of § 1404(a) is that courts should withhold jurisdiction, although "proper" under 28 U.S.C. § 1391, where venue is inconvenient under the terms of § 1404(a). *Murray v. British Broad. Corp.*, 81 F.3d 287, 290 (2d Cir. 1996); *see Blum v. Salomon*, No. 06 Civ. 3149, 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 26, 2006) (noting "[e]ven when venue is proper in the Southern District of New York, the Court may transfer an action pursuant to 28 U.S.C. § 1404(a)").

The inquiry on a § 1404(a) motion to transfer is two-fold: "(1) whether the action could have been brought in the proposed transferee forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Blum*, 2006 WL 3851157, at *3 (internal quotation omitted). While the movant bears the burden of proof, "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Cagle v. Cooper Cos.*, Nos. 91 Civ. 7828, 94 Civ. 4350, 92 Civ. 1650, 91 Civ. 6996, 93 Civ. 8970, 1996 WL 345771, at *2 (S.D.N.Y. June 24, 1996) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

When exercising discretion as to whether to transfer a case pursuant to § 1404(a), a court should evaluate "'private interest factors' affecting the convenience of the litigants" and "'public interest factors' affecting the convenience of the forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (citation omitted). Private interest factors include the:

(1) convenience of witnesses;
(2) location of relevant documents and relative ease of access to sources of proof;
(3) convenience of the parties;
(4) locus of operative facts;
(5) availability of process to compel the attendance of unwilling witnesses;
(6) relative means of the parties;
(7) forum's familiarity with the governing law;
(8) weight accorded the plaintiff's choice of forum; and
(9) efficiency and the interest of justice, based on the totality of the circumstances.

*Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005). Public interest factors include: "[1] court congestion, [2] the interest in deciding localized controversies where they occur, and [3] the appropriateness of a forum when state law must govern." *Id.* at n.2.

## IV. ARGUMENT

An analysis of relevant factors under 28 U.S.C. § 1404(a) shows that they strongly support transfer of this case to the Eastern District of Pennsylvania. This action could have been brought initially in the Eastern District of Pennsylvania and both the private and public interest § 1404(a) factors favor transfer.

### A. This Action Could Have Been Brought in the Eastern District of Pennsylvania.

The threshold question in a transfer motion under § 1404(a) is "whether the case could have been brought in the proposed transferee district." *Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 478 (S.D.N.Y. 2009) (internal quotation omitted). A case could have been brought in the proposed transferee if that district had subject matter jurisdiction, personal jurisdiction over the defendant and venue would have been proper. *See* 28 U.S.C. § 1391(a). Here, all three criteria are met.

The Eastern District of Pennsylvania, like this Court, has diversity jurisdiction over this case under 28 U.S.C. § 1332.[5] The Eastern District of Pennsylvania also has personal jurisdiction over ECFMG and venue would have been proper in the Eastern District of Pennsylvania because that district is where ECFMG's principal place of business is located and where ECFMG made the decisions Plaintiff is challenging. (Kelly Decl. ¶¶ 4, 10-14, 20.); *see Crow Constr. Co. v. Jeffrey M. Brown Assocs.*, No. 01 Civ. 3839, 2001 WL 1006721, at *2 (S.D.N.Y. Aug. 31, 2001) ("This action might have been brought in the Eastern District of Pennsylvania because [the defendant] has its principal place of business in that district."); 28 U.S.C. § 1391(a)(2) (allowing venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Therefore, Plaintiff could have originally brought this action in Eastern District of Pennsylvania.

**B. Transferring This Case Will Serve the Convenience of the Parties and Witnesses and Be in the Interest of Justice.**

"[T]he Court next considers whether the convenience of the parties and witnesses and the interest of justice warrant a transfer." *Brockmeyer v. May*, No. 98 Civ. 5521, 1999 WL 191547, at *3 (S.D.N.Y. Apr. 6, 1999). All relevant factors favor, or are neutral regarding, transfer of this action from the South District of New York to the Eastern District of Pennsylvania.

1. <u>The Private Interest Factors Compel Transfer to the Eastern District of Pennsylvania.</u>

The private interest factors[6] favor transfer to the Eastern District of Pennsylvania. The locus of operative facts strongly favors transfer. The convenience of both witnesses and parties and the location of and ease of access to relevant documents also favor transfer. Additionally,

---

5 ECFMG's denies Plaintiff's assertion of federal question jurisdiction under 28 U.S.C. § 1331. (*See* Dkt. 1, Compl. ¶ 3; Answer ¶ 3).

6 *See* Section III, *supra*.

the lack of weight accorded to Plaintiff's choice of forum favors transfer. Finally, the relative means of the parties, familiarity with governing law and efficiency and the interest of justice, based on the totality of the circumstances, favor transfer as well.

a. *The Actions Underlying Plaintiff's Allegations Occurred in Philadelphia.*

"[T]he location of operative events is a primary factor in determining a motion to transfer venue." *Eres N.V.*, 605 F. Supp. 2d at 481 (internal quotation omitted). "Courts routinely transfer cases when the principal events occurred . . . in another district." *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991). "[I]n determining the locus of operative facts, a court must look to the site of events from which the claim arises." *Blum*, 2006 WL 3851157, at *4 (internal quotation omitted).

In this case, the locus of operative facts favors transfer because *all* correspondence, submissions and decisions of which Plaintiff complains originated in, were targeted to, or were made in or from Philadelphia, Pennsylvania. (*See* Kelly Decl. ¶¶ 11-14, 19-20.) Plaintiff submitted her application to Philadelphia. (*See* Dkt. 1, Compl. ¶ 21.); (Kelly Decl. ¶ 9.) Her application was reviewed and investigated in Philadelphia. (Kelly Decl. ¶¶ 9-10.) ECFMG's Committee met and deliberated Dr. Izkhakov's application in Philadelphia and made its decision regarding the designation of "irregular behavior" in Philadelphia. (Kelly Decl. ¶¶ 13-14, 20.) And, Plaintiff challenged this decision in Philadelphia, on numerous occasions. (*See* Dkt. 1, Compl. ¶¶ 26, 30, 32, 35.) Not only did all of the above-referenced events take place in Philadelphia, but ECFMG is not aware of any events relevant to Plaintiff's causes of action that took place in New York. (Kelly Decl. ¶ 21.) Therefore, this factor strongly favors transfer to the Eastern District of Pennsylvania.

b. *Relevant Witnesses and Documents Are Located in Philadelphia.*

"The convenience of witnesses is typically the most important factor when considering a motion to transfer venue." *Eres N.V.*, 605 F. Supp. 2d at 480. To succeed on a transfer motion, the moving party must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. *Panama Processes, S.A. v. Cities Serv. Co.*, 650 F.2d 408, 417 (2d Cir. 1981).[7]

Plaintiff's potential witnesses likely reside outside of the United States. In contrast, both ECFMG's potential key witnesses and key documents are located in Philadelphia. The declaration of Declaration of William C. Kelly has specified the key witnesses as required, including: William Kelly and Kara Corrado who will testify regarding the facts concerning Plaintiff's application to ECFMG, ECFMG's policies and procedures regarding "irregular behavior," the investigation and hearing concerning Dr. Izkhakov's "irregular behavior," and events subsequent thereto; as well as Stephen Seeling who will testify regarding the facts concerning Dr. Izkhakov's application to ECFMG, ECFMG's policies and procedures regarding "irregular behavior," and Dr. Izkhakov's appeal of the "irregular behavior" decision. (Kelly Decl. ¶¶ 15-17.)

Absent transfer, ECFMG's anticipated witnesses will need to travel from Philadelphia to New York City. (*See* Kelly Decl. ¶¶ 15-17.) Plaintiff's potential witnesses, however, will need

---

7 The location of relevant documents is also a consideration under § 1404(a). District courts in this circuit, however, have found that the location of documents factor is neutral "in today's world of faxing, scanning, and emailing documents." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007). All documents in ECFMG's possession, custody or control that may be relevant to this case are maintained in ECFMG's Philadelphia office; none of this material is in New York. (Kelly Decl. ¶ 18.) Thus, this factor is either neutral, or slightly favorable, regarding transfer to the Eastern District of Pennsylvania.

to travel internationally regardless of the venue. Thus, this factor strongly favors transfer to the Eastern District of Pennsylvania.

c. *Plaintiff's Choice of Venue is Entitled to Diminished Weight.*

As a general rule, "plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 353 (S.D.N.Y. 1998). Courts, however, "significantly diminish[]" the weight given to this factor in two situations. *Id.* First, "[t]he weight accorded to a plaintiff's choice of venue is significantly diminished," where, as here, "the operative facts have no connection to the chosen district." *Id.* Second, a plaintiff's choice of venue is given less deference where, as here, plaintiff chooses a forum that is not her home district. *Intria Corp. v. Intira Corp*., No. 00 Civ. 7198, 2000 WL 1745043, at *8 (S.D.N.Y. Nov. 27, 2000); *see, e.g.*, *Cagle,* 1996 WL 345771, at *2, 4 (internal citation and quotation omitted) ("The degree of deference that we owe the plaintiff on this score may, however, be somewhat attenuated if the plaintiff chooses a forum other than her place of residence, as in these cases and it is given little or no weight if there is little material connection between the chosen forum and the facts or issues in the case.").

Both situations described above apply in the instant action to "significantly diminish[]" the weight to be given to Plaintiff's choice of venue. First, the operative facts occurred in the Eastern District of Pennsylvania (or, perhaps from Plaintiff's perspective, arguably in Israel), not the Southern District of New York.[8] Second, Plaintiff resides in Israel (Dkt. 1, Compl. ¶ 5), yet selected the Southern District of New York as the venue for her action against ECFMG. As a

---

8 *See* Section IV.B.1.a., *supra.*

result, Plaintiff's choice of venue should be given little to no deference and the case should be transferred to the Eastern District of Pennsylvania.

d. *The Convenience of the Parties Favors Transfer.*

"The logical relevant starting point in determining the convenience of the parties is their residence." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006). "[T]ransfer of venue may be appropriate where inconvenience for the party moving for transfer could be completely eliminated without substantially adding to the non-moving party's inconvenience." *Frame v. Whole Foods Mkt., Inc.*, No. 06 Civ. 7058, 2007 WL 2815613, at *6 (S.D.N.Y. Sept. 24, 2007); *see, e.g.*, *Walker*, 423 F. Supp. 2d at 118 (finding this factor favored transfer because "the hardship of travel on defendant will be eliminated, while the hardship of travel on plaintiff will only slightly be increased, since she would have to travel from London regardless of where the case is decided").

ECFMG has its principal office in Philadelphia, Pennsylvania, and its witnesses and documents are located there. (Kelly Decl. ¶¶ 4, 15-18.) It would be inconvenient, costly and a business disruption for ECFMG to be forced to defend this suit in the Southern District of New York. Requiring ECFMG witnesses travel to New York City, with the attendant travel, food and lodging costs, would be significantly more expensive than defending this action in Philadelphia, Pennsylvania. In addition, the extended time required for witnesses to travel could hinder their ability to perform their regular job functions. Transfer to the Eastern District of Pennsylvania, could completely eliminate the inconvenience Plaintiff has placed on ECFMG by initiating this action in the Southern District of New York.

In contrast, transfer to the Eastern District of Pennsylvania will not substantially add to Plaintiff's inconvenience. Plaintiff currently resides in Israel, (Dkt. 1, Compl. ¶ 5.), and will be

required to travel internationally regardless of the forum. Travel between Israel and Philadelphia is likely to be as convenient as travel from Israel to New York.[9] The individuals who may be most inconvenienced by a transfer to the Eastern District of Pennsylvania are likely to be Plaintiff's counsel, both of whom have offices located in New York. Inconvenience to Plaintiff's counsel, however, "is not an appropriate factor to consider on a motion to transfer." *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) (internal quotation omitted); *see Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006) (granting transfer and stating "the location of plaintiff's counsel" is not "a material consideration").

In sum, it would be significantly more expensive and inconvenient for ECFMG to defend this action in the Southern District of New York City than for Plaintiff or Plaintiff's attorneys to occasionally travel to Philadelphia. Therefore, this factor, especially considering the "significantly diminished" weight given to Plaintiff's choice of venue, strongly favors transfer to the Eastern District of Pennsylvania.

e. *Other Private Interest Factors Favor Transfer.*

Other private interest factors include the relative means of the parties, the forum's familiarity with the governing law and efficiency and the interest of justice, based on the totality of the circumstances. *Walker*, 423 F. Supp. 2d at 117. ECFMG is not aware of any reason why the relative means between Plaintiff and ECFMG, a non-profit corporation, or the application of governing law (which is likely to be Pennsylvania state law regarding defamation and torts)

---

9 For example, direct flights are available between Tel Aviv and Philadelphia just as direct flights might be available between Tel Aviv and New York.

should prevent this case from being transferred to the Eastern District of Pennsylvania. Indeed, the likely application of Pennsylvania law to the dispute supports transfer.

As established above, the weight of the relevant private interest factors favor transfer to the Eastern District of Pennsylvania.

2. No Public Interest Factor Argues Against Transfer to the Eastern District of Pennsylvania.

The public interest factors include the administrative difficulties flowing from court congestion, local interest in having localized interests decided at home and the appropriateness of a forum when state law must govern. *Walker*, 423 F. Supp. 2d at 117 n.2.

ECFMG is unaware of administrative difficulties flowing from court congestion that would prohibit transfer of this action from the Southern District of New York to the Eastern District of Pennsylvania. Additionally, the allegations in this case do not involve injuries allegedly suffered in New York or by New York citizens; therefore New York has no localized interest in deciding this case. In contrast, ECFMG's principal office is located in Philadelphia, (Kelly Decl. ¶ 4), ECFMG has approximately 440 employees in Philadelphia, (Kelly Decl. ¶ 5), and all ECFMG actions that Plaintiff seeks to challenge took place in Philadelphia. (Kelly Decl. ¶¶ 10-14, 20). Such circumstances create a localized interest for the Eastern District of Pennsylvania to decide this case.[10]

In sum, a balancing of the private interest and public interest factors overwhelmingly demonstrates that the proper venue for this case is the Eastern District of Pennsylvania. Such a showing compels transfer in the interests of convenience, efficiency and justice.

---

10 Further, as noted above, either court, sitting in diversity jurisdiction, is likely to be capable of properly applying governing state law.

## V. CONCLUSION

For the foregoing reasons, ECFMG respectfully requests the Court transfer this case to the Eastern District of Pennsylvania.

Respectfully submitted,

March 19, 2012
Date

/s/ Heather L. Hopkins

Heather L. Hopkins (HH-6839)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
212.309.6000 (tele)
212.309.6001 (fax)
hhopkins@morganlewis.com

OF COUNSEL:
Brian W. Shaffer
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
215.963.5000 (tele)
215.963.5001 (fax)
bshaffer@morganlewis.com

*Attorneys for Defendant Educational Commission for Foreign Medical Graduates*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELENA IZKHAKOV, Plaintiff, -against- EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, Defendant. | ***ECF Case*** **12 Civ. 0348 (ALC)(MHD)** |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendant ECFMG's Notice of Motion to Transfer Venue, Defendant ECFMG's Memorandum of Law in Support of its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and the accompanying Declaration of William Kelly, were filed electronically on this 19th day of March, 2012, and are available for viewing and downloading from the Court's Electronic Case Filing ("ECF") system.

/s/ Heather L. Hopkins
Heather L. Hopkins (HH-6839)