IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELENA IZKHAKOV,<br><br>                         Plaintiff,<br><br>   -v-<br><br>EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES,<br><br>                        Defendant. | 12 Civ. 0348 (ALC)(MHD)<br><br><u>FILED VIA ECF</u> |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

Christopher E. Chang (CEC 3271)
Law Offices of Christopher E. Chang
140 Broadway, 46th Floor
New York, New York 10005
(212) 208-1470
E-mail: cechang@juno.com

      -and-

Barry Black (BB-4602)
Law Offices of Barry Black, PC
479 S. Oyster Bay Rd.
Plainview, NY 11803
(516) 247-1510
(917) 439-6523 (cellular)
(516) 247-1511 (fax)
barryblack@barryblacklaw.com

*Attorneys for Plaintiff*

TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I    THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE DEFENDANT HAS FAILED TO MEET ITS CONSIDERABLE BURDEN.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    The Locus of Operative Facts is *not* in the EDP but in the SDNY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    **Defendant has not established significant inconvenience to its witnesses**. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            (1)    *This District has held that the trip between New York and Philadelphia does not constitute substantial inconvenience.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            (2)    *There are no substantial documents in this case* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            (3)    *Defendant has already litigated cases in this District.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.    **Plaintiff's choice of forum is entitled to its fullest weight**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        D.    **The SDNY is the appropriate forum in which to adjudicate a prima facie tort claim** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        E.    **The relative means of the parties favors venue in the SDNY**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        F.    **Efficiency and the interest of justice, based on the totality of the circumstances**. . . . . . . . . . . . . . . . . . . . . 10

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### CASES

**U.S. SUPREME COURT**
Burger King Corp. v. Rudzewicz, 471 U.S. 462 (U.S. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**DISTRICT COURT**
Adonni v. Education Com'n for Foreign Medical Graduates, 2010 WL 610760 (D.Md.,2010)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Blanning v. Tisch, 378 F. Supp. 1058 (E.D. Pa. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Burland v. ManorCare Health Services, Inc, 1999 WL 58580 (E.D.Pa.1999). . . . . . . . . . . . . . . 9

Caldwell v. Slip-N-Slide Records, Inc., 2011 U.S. Dist. LEXIS 81521 (S.D.N.Y. 2011). . . . . . 3

CNA Ins. Co. v. Martin Automatic, U.K., LTD., 2002 U.S. Dist. LEXIS 15023 (S.D.N.Y. 2002)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Greenwich Life Settlements, Inc. v. Viasource Funding Group, LLC, 742 F. Supp. 2d 446 (S.D.N.Y. 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F.Supp.2d 395 (S.D.N.Y. 2005).. . . . . . . . 8

Sinakin v. Havens, 1997 WL 363859 (E.D.Pa.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Student Advantage, Inc. v. International Student Exch. Cards, Inc., 2000 U.S. Dist. LEXIS 13138 (S.D.N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TIG Ins. Co. v. Century Indem. Co., 2009 WL 1564112 (S.D.N.Y. 2009). . . . . . . . . . . . . . 3, 4, 7

Universal Grading Serv. v. eBay, Inc., 2009 U.S. Dist. LEXIS 49841 (E.D.N.Y. 2009). . . . . . . 5

Victoriatea.com, Inc. v. Cott Bev. Can., 239 F. Supp. 2d 377 (S.D.N.Y. 2003). . . . . . . . . . . . . . 9

Walker v. Jon Renau Collection, Inc., 423 F. Supp. 2d 115 (S.D.N.Y. 2005). . . . . . . . . . . . . 9, 10

Wang v. Educ. Comm'n for Foreign Med. Graduates, 2009 U.S. Dist. LEXIS 87319 (E.D.N.Y. 2009)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### RULES/STATUTES

28 U.S.C. §1404.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

28 U.S.C. §1332(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PRELIMINARY STATEMENT

At issue before the Court is whether the Court should, pursuant to 28 U.S.C. §1404, transfer venue from the Southern District of New York ("SDNY") to the Eastern District of Pennsylvania ("EDP"). By not raising issue with the propriety of venue in the SDNY pursuant to 28 U.S.C. §1332(a), Defendant implicitly concedes that such venue is proper.[1] Consequently, Plaintiff shall deem this issue conceded by Defendant and shall not address it in these papers.

Defendant's motion posits that the convenience of the parties and the interests of justice would require transfer to the EDP. But Defendant fails to establish, or even allege, several key elements of any such venue transfer motion, namely that there is actual inconvenience to its witnesses and that Plaintiff would not be inconvenienced by a transfer to the EDP.

Indeed, Plaintiff's *entire family*, including her parents, husband, children and siblings are domiciled in the SDNY, and Defendant has been so informed since at least October 2010. Izk. Decl. ¶30. Defendant incorrectly and improperly states that "the *only* connection to the Southern District of New York of which ECFMG is aware is the location of the law offices of Plaintiff's counsel," Def.'s Mem. Law at 1 n.2, despite having been informed to the contrary on numerous occasions. Izk. Decl. ¶31.

## STATEMENT OF FACTS

Plaintiff Elena Izkhakov ("Dr. Izkhakov") is a distinguished, published and highly regarded physician who presently resides in Israel. After the rest of Dr. Izkhakov's family emigrated from Israel to New York City, Dr. Izkhakov and her husband decided to move here as well. Izk. Decl. ¶¶10-17. In order to do so, she needed to first take an exam known as the USMLE, which is administered by the ECFMG.

---

[1] Defense counsel also conceded this point at the Court's April 27, 2012 conference.

On March 14, 2010, Dr. Izkhakov completed the Online Authentication Process set forth on the website of Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") with the assistance of Dr. Daniella Levy, the instructor of a class Dr. Izkhakov was taking. Izk. Decl. ¶19. Dr. Izkhakov then received a letter (Exhibit A) from William Kelley, ECFMG's Associate Vice President for Operations, in which he informed her "of the allegation of irregular behavior"[2] in connection with alleged false information provided to ECFMG as part of the On-line Authentication Process. There were two allegations: First, that Dr. Izkhakov had clicked on the button which read "[n]o, I have never submitted an application to ECFMG for any examination," rather than the button which read "[y]es, I have previously submitted an application to ECFMG for examination, even if I did not take the examination." Dr. Izkhakov had, in fact, taken the examination previously. Second, that Dr. Izkhakov had identified, from a "pick list" of medical schools, "Second Tashkent State Medical Institute" as the medical school she had attended. This conflicted with the medical school in ECFMG's records. Izk. Decl. ¶20.

Dr. Izkhakov and Dr. Levy both explained that the former was a simple misunderstanding of the question, which had been answered in haste, and the latter was actually the best possible answer under the circumstances. Izk. Decl. ¶22. Nonetheless, ECFMG found that Dr. Izkhakov had engaged

---

[2] The ECFMG defines "irregular behavior" as
all actions or attempted actions on the part of applicants or examinees that would or could subvert the examination, certification, or other processes of ECFMG. Examples include, but are not limited to, failing to comply with a USMLE or ECFMG policy, procedure and/or rule; falsification of information on applications, submissions of any falsified or altered document to ECFMG, or submission of any falsified or altered ECFMG document to other entities or individuals.
Wang v. Educ. Comm'n for Foreign Med. Graduates, 2009 U.S. Dist. LEXIS 87319 (E.D.N.Y. 2009). *See also*, Adonni v. Education Com'n for Foreign Medical Graduates, 2010 WL 610760, 1 (D.Md.,2010).

in irregular behavior ("Finding"), and barred her from applying to take the USMLE. Izk. Decl. ¶24.

Dr. Izkhakov then contacted counsel, who filed two Petitions for Reconsideration and appealed the matter, all of which were denied. Izk. Decl. ¶25.

Dr. Izkhakov neither broke a rule, falsified information nor altered any documents. She made an innocent mistake in clicking on an online button, the kind of which is committed by thousands of online surfers daily. And she selected from a picklist the best answer to the question of which medical school she had attended. Nor did Dr. Izkhakov have any motive to falsify information, as New York State sets forth no limit to the number of times an applicant may fail the examination before finally passing it. And her position is fully corroborated by two eyewitnesses, both physicians and highly credible.

## ARGUMENT

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The burden rests on the moving party to make a 'clear and convincing' showing that transfer is appropriate." TIG Ins. Co. v. Century Indem. Co., 2009 WL 1564112, 1 (S.D.N.Y. 2009). The moving party "must make a 'clear and convincing' showing that transfer under §1404(a) is proper." Caldwell v. Slip-N-Slide Records, Inc., 2011 U.S. Dist. LEXIS 81521 (S.D.N.Y. 2011). Defendant fails, in each regard, to meet its heavy burden to show that transfer is warranted.

3

**I       THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE DEFENDANT HAS FAILED TO MEET ITS CONSIDERABLE BURDEN**

The courts have been quite specific as to the factors to be considered in evaluating a *forum non conveniens* motion. Defendant fails to fully address a number of such factors, as they weigh heavily against its position. Where Defendant does fully raise issue, it falls completely short in its required *clear and convincing* showing that the equities favor transferring this case to the EDP.

In deciding whether transfer is appropriate, courts have considered several factors, including (1) the locus of the operative facts, (2) the convenience of the witnesses, (3) the convenience of the parties, (4) the location of relevant documents and relative ease of access to sources of proof, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum, and (9) the trial efficiency and the interests of justice based on the totality of circumstances.

TIG Ins. Co. v. Century Indem. Co., 2009 WL 1564112 (S.D.N.Y. 2009). Though "there is no rigid formula for balancing these factors and no single one of them is determinative . . . [u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id. at 4-5.

   **A.    The Locus of Operative Facts is *not* in the EDP but in the SDNY**

Defendant conveniently lists a plethora of internal business activities in which it engaged in the process of making the determination that Dr. Izkhakov engaged in irregular behavior. However, the locus of operative facts is actually *this* District, even if the ECFMG's principal place of business is in the EDP, since it avails itself of the business relationships of medical examiners, medical facilities and

4

physicians in the SDNY. "Nor does the locus of operative facts have a definite location favoring or disfavoring transfer, as plaintiffs' allegations refer either to actions that were taken over the Internet or in unknown locations." Universal Grading Serv. v. eBay, Inc., 2009 U.S. Dist. LEXIS 49841 (E.D.N.Y. 2009). *See also*, Student Advantage, Inc. v. International Student Exch. Cards, Inc., 2000 U.S. Dist. LEXIS 13138 (S.D.N.Y. 2000) (finding that the locus of operative facts was in the SDNY where defendant sold business cards in New York via the internet but maintained its offices in Arizona, where it conducted all its business).

Dr. Izkhakov has "never set foot in the Eastern District of Pennsylvania, nor [has she] engaged in any transaction whatsoever with anyone in the District." Izk. Decl. ¶35. The *activity* that is at the heart of this action is an internet transaction, which occurred, for practical purposes, in *neither* District in question. Dr. Izkhakov had no meetings with the ECFMG in the EDP, nor did she transact any business with them in the EDP. That Defendant's internal business operations occurred in the EDP is of no moment.

On the other hand, Dr. Izkhakov's declared domicile is the SDNY. Izk. Decl. ¶34. Had Defendant not improperly interfered with her plans, she would long have been practicing medicine in the SDNY, where her entire family already resides. The damages occurred in the SDNY, where she and her family have, sadly, been separated since 2010. Consequently, the locus of operative facts is, in fact, in the SDNY.

### B. Defendant has not established significant inconvenience to its witnesses

In a 28 U.S.C. § 1404(a) motion to transfer venue, "mere inconvenience is insufficient to warrant transfer." Greenwich Life Settlements, Inc. v. Viasource Funding Group, LLC, 742 F. Supp. 2d 446, 459 (S.D.N.Y. 2010). Instead, the movant must demonstrate *substantial* inconvenience. *See*

5

*generally*, Burger King Corp. v. Rudzewicz, 471 U.S. 462 (U.S. 1985).

Defendant has succeeded at providing a list of *three* witnesses who would have to travel to the SDNY if the case is not transferred, all of whom would have to testify about the investigation, procedures and process involving the Finding. But it makes no reference to voluminous discovery material that would have to be crated and shipped to the SDNY, or of strict schedules that cannot be violated, or substantial financial loss or health concerns. The *only* inconvenience to which Defendant can point is that several of its witnesses would be "inconvenienced" by a pleasant train ride to New York.[3]

To claim that the witnesses' trip to the SDNY constitutes inconvenience is belied by the fact that Defendant's counsel has twice traveled for court conferences to the SDNY. Notwithstanding that Ms. Schmidt is, without doubt, an exceptional attorney who is uniquely qualified to handle this matter, she is employed by Morgan Lewis & Bockius, a large, international law firm with nearly 200 lawyers in its New York office (according to the firm's homepage). The firm could easily have assigned another qualified attorney to attend the initial pre-motion conferences if there were truly inconvenience involved in the trip from Philadelphia to New York.

Defendant has failed to allege substantial inconvenience for a good reason: there is none. This case does not involve insurance companies or hospitals with voluminous records and complex laboratory reports. It does not involve experts who will testify about complex subject matters, or

---

[3] Ironically, the EDP has specifically held that when witnesses claim inconvenience in the Philadelphia-New York trip, it is, in and of itself, unconvincing. "Defendant next contends that he and all of the principal witnesses except for plaintiff and one or two others reside in the New York Area, and that defendant's busy schedule would make it difficult for him to travel to Philadelphia. While I have no reason to question the veracity of these claims, they do not rise to the level of concern necessary to establish the basis for a transfer of venue." Sinakin v. Havens, 1997 WL 363859, 2 (E.D.Pa.1997).

witnesses who are surgeons or key political figures whose schedules are so tight they cannot accommodate a train ride to New York City.

> (1) *This District has held that the trip between New York and Philadelphia does not constitute substantial inconvenience*

"In most circumstances, a litigant seeking to transfer an action to a nearby district will find it difficult to demonstrate the degree of inconvenience necessary to prevail." CNA Ins. Co. v. Martin Automatic, U.K., LTD., 2002 U.S. Dist. LEXIS 15023 (S.D.N.Y. 2002).

> That is so because the transfer statute primarily "was designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses" in ordinary cases. . . . Indeed, several courts have denied transfer from New York to Philadelphia, or vice versa, based on a claim of inconvenience, given the short distance and the ease of travel between the two cities. For example, in an era predating high-speed rail service, Judge Gurfein ruled that, "in view of the proximity of Philadelphia to New York, there is no reason why, in the interest of justice, the plaintiffs' choice of forum should be disturbed." . . . *When asked at oral argument, defendants could not say that the 95-mile jaunt from Philadelphia to New York, accomplishable in an hour-and-a-half train ride, actually would pose an inconvenience for any witness* (emphasis added) (internal citations omitted).

TIG Ins. Co. v. Century Indem. Co., 2009 WL 1564112, 6-8 (S.D.N.Y. 2009). Indeed, the EDA has reached the same conclusion: "The court takes judicial notice of the comparatively short distance and the rapid, efficient transit between Philadelphia and New York. These factors have prompted several courts to deny transfer motions from Philadelphia to New York." Blanning v. Tisch, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974).

Thus, the matter has already been settled by this District: absent particularly compelling circumstances, there is simply no basis for venue transfer between the SDNY and the EDP.

> (2) *There are no substantial documents in this case*

Defendant makes passing reference to "key documents" being located in Philadelphia.

7

Def.'s Mem. Law at 9.  But it alleges no inconvenience therewith, names no specific documents whose transfer would be costly or cumbersome.  In any event, in Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F.Supp.2d 395 (S.D.N.Y. 2005), the court would "not consider defendant's claim that many documents may be found in Pennsylvania, as the location of documents is entitled to little weight unless defendant makes a 'detailed showing of the burden it would incur absent transfer.'" Id. at 402.  Thus, there is no inconvenience at all with respect to document transfer.

*(3)    Defendant has already litigated cases in this District*

"The Court does not consider defendant's claimed inconvenience as the inconvenience of defending a suit in the Southern District of New York 'cannot be overwhelming' when defendant previously appeared in actions in that district."  Id.

Defendant, on occasion through its counsel Morgan, Lewis & Bockius, has litigated at least the following cases in the New York District Courts:

-Wang v. Office of Prof'l Med. Conduct, 228 Fed. Appx. 17 (2d Cir. 2007);

-Wang v. Educ. Comm'n Frg'n Med. Grad's, 2009 U.S. Dist. LEXIS 87319 (E.D.N.Y. 2009);

-Staudinger v. Educ. Comm'n Frg'n Med. Grad's, 1994 U.S. Dist. LEXIS 10580 (S.D.N.Y. 1994).

Accordingly, Defendant can hardly claim inconvenience when it has fully litigated, including one appeal to the Second Circuit, right here in the Southern and Eastern Districts of New York.

**C.    Plaintiff's choice of forum is entitled to its fullest weight**

Defendant argues that Plaintiff's choice of forum is, in these circumstances, not entitled to the significant weight it is normally afforded because, Defendant incorrectly and duplicitously argues,

8

Plaintiff has no connection to the SDNY.  As described *supra*, and as set forth at length in Dr. Izkhakov's declaration, Defendant is, and has been all along, aware of Dr. Izkhakov's overwhelming and *exclusive* contacts with the SDNY – her entire family and future is here.  Defendant has, incredibly, chosen to turn a blind eye to all this and claim that, somehow, Plaintiff has no connection *whatsoever* with this District.

Defendant, bizarrely, states that "[t]ransfer to the Eastern District of Pennsylvania, could completely eliminate the inconvenience Plaintiff has placed on ECFMG by initiating this action in the Southern District of New York."  Def. Mem. Law at 10.  The irony in this statement is that Defendant's reckless, arbitrary and capricious conduct has caused far more than *inconvenience* to Plaintiff; it has relegated a family's matriarch to a lonesome and isolated existence in order to financially support her family thousands of miles away.

### D. The SDNY is the appropriate forum in which to adjudicate a prima facie tort claim

"An action should be tried in a forum familiar with the law governing the case." Victoriatea.com, Inc. v. Cott Bev. Can., 239 F. Supp. 2d 377, 387 (S.D.N.Y. 2003).  A key factor in venue transfer motions is the forum's familiarity with the governing law.  Walker v. Jon Renau Collection, Inc., 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005).

Plaintiff has asserted the claim of Prima Facie Tort, which is unique to New York and only select other jurisdictions.  "Pennsylvania courts have thus far declined to recognize [prima facie tort] for culpable conduct."  Burland v. ManorCare Health Services, Inc, 1999 WL 58580, 4 (E.D.Pa.1999).  The New York courts have carved out a specific and nuanced approach to this cause of action, and the SDNY would be the more appropriate forum for adjudicating this claim.

### E. The relative means of the parties favors venue in the SDNY

One of the factors for the court to consider in a venue transfer motion is the relative means of the parties. Walker at 117 (S.D.N.Y. 2005). Defendant is a corporation which "has approximately 207 full time employees and 235 part time employees in Philadelphia, Pennsylvania." Kelley Decl. ¶5. Plaintiff is unaware of how many employees ECFMG has outside of Philadelphia. In contrast, Plaintiff is a private party, her family's primary provider, a woman who is forced to live alone and apart from her family because she "could not move to New York and support [her] family without gainful employment." Izk. Decl. ¶36. Plaintiff could hardly afford to litigate this matter in Philadelphia, while Defendant's high-priced international law firm, with some 200 attorneys in New York, can clearly afford to litigate in the SDNY.

### F. Efficiency and the interest of justice, based on the totality of the circumstances

In the end, the Court must consider "efficiency and the interest of justice, based on the totality of the circumstances." Walker at 117. As demonstrated, Defendant has failed to show any real inconvenience at all in sending its three potential witness to New York for trial. Indeed, it should be noted that Plaintiff has offered to depose Defendant's witnesses in Philadelphia, but Defendants repeatedly declined the offer. Dr. Izkhakov, on the other hand, would need to undergo the significant financial and practical burden of traveling with her various family members to Philadelphia. The totality of the circumstances clearly fall on the side of not disturbing Plaintiff's choice of venue in the SDNY.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion in its entirety.

Dated: May 11, 2012
      New York, New York

                                   Respectfully submitted,

                                   <u>s/ Barry Black</u>
                                   Barry Black (BB-4602)
                                   Law Offices of Barry Black, PC
                                   479 S. Oyster Bay Rd.
                                   Plainview, NY 11803
                                   (516) 247-1510

                                   <u>s/ Christopher E. Chang</u>
                                   Christopher E. Chang (CEC 3271)
                                   Law Offices of Christopher E. Chang
                                   140 Broadway, 46th Floor
                                   New York, New York 10005
                                   (212) 208-1470

                                   *Attorneys for Plaintiff*