# EXHIBIT A

Barry Black
bb@gdblaw.com

October 18, 2010

William C. Kelly
Associate Vice President for Operations
ECFMG
3624 Market St., 4th Floor
Philadelphia, PA 19104, USA

Re: **Petition for Reconsideration**
**Dr. Elena Izkhakov**

Dear Mr. Kelly:

I submit this letter to you in support of Dr. Izkhakov's Petition to the ECFMG Medical Education Credentials Committee to reconsider its determination that she had engaged in irregular behavior.

## PROCEDURAL BACKGROUND

On March 14, 2010, Dr. Izkhakov completed ECFMG's Online Authentication Process. Dr. Izkhakov then received your March 29, 2010 letter (Exhibit A) in which you informed her "of the allegation of irregular behavior in connection with your providing false information to ECFMG as part of the ECFMG On-line Authentication Process, a prerequisite to submitting an application to ECFMG." Your letter noted two bases for the allegations:

1. That Dr. Izkhakov had clicked on the button which read "[n]o, I have never submitted an application to ECFMG for any examination," rather than the button which read "[y]es, I have previously submitted an application to ECFMG for examination, even if I did not take the examination." Dr. Izkhakov had, in fact, taken the examination previously.
2. That Dr. Izkhakov had identified, from a "pick list" of medical schools, "Second Tashkent State Medical Institute" as the medical school she had attended. This conflicted with the medical school in her ECFMG record.

The very next day, March 30, 2010, Dr. Izkhakov wrote you a letter (Exhibit B) in which she explained to you that,

1. She had misunderstood the question to mean whether the applicant had ever completed the *online* application, which she had not; and

2.  She had, in fact selected the *most* appropriate medical school name from the list provided. Her medical school, originally named Tashkent State Medical Institute, had been subdivided into the First Tashkent State Medical Institute and the Second Tashkent State Medical Institute. Of the two, the latter was most applicable.

On May 20, you sent Dr. Izkhakov a letter (Exhibit C) in which you informed her that the ECFMG Medical Education Credentials Committee had completed its review of the allegation that she had engaged in irregular behavior, and had decided that she had, in fact, engaged in such irregular behavior.

Dr. Izkhakov then contacted me with respect to initiating a review, reconsideration or appeal of this determination. Upon our reciprocal communications, you notified me that Dr. Izkhakov would be allowed to submit a Petition for Reconsideration and that this Petition for Reconsideration would suspend and put into abeyance the sixty day time limit during which applicants typically may appeal decisions of the ECFMG Committee.

## DR. ELENA IZKHAKOV

As background to the merits of this Petition, it is worthwhile having a better knowledge of the applicant. Dr. Izkhakov's curriculum vitae (Exhibit D) speaks for itself, of course. She is a physician of substantial achievement and recognition. Born in Uzbekistan in 1965, Dr. Izkhakov attended medical school between 1982 and 1988. While in medical school, she married her husband, Alexey, and had her first child, Neriy. Upon graduation, she became a resident in State Clinic 16, Tashkent, Uzbekistan. During her stay there she had her second child, Veronika.

In 1990, Dr. Izkhakov and her family emigrated to Israel, where she enrolled in a course of general medicine at Tel Aviv Medical Center's distinguished Ichilov Hospital. In 1991 she was certified to practice medicine in Israel, and she completed her internal medicine residency at the Ichilov Hospital between 1992 and 1996. She received a certificate of specialist in internal medicine 1n 1996, and was an attending physician in the Department of Internal Medicine from 1996 to 2003 at the Tel Aviv Medical Center, Ichilov Hospital.

Dr. Izkhakov is a highly regarded physician in Israel. As her CV indicates, she is well-published. For your convenience, I have annexed "Methaline blue, a nitric oxide inhibitor, prevents haemodialysis hypotension," 2001 (Exhibit E); "The concomitant appearance of aggregated erythrocytes, leukocytes and platelets in the peripheral blood of patients with risk factors for atherombosis," 2001 (Exhibit F); and "Catalytic amounts of Fructose may improve glucose tolerance in subjects with uncontrolled non-insulin-dependent diabetes," 2005 (Exhibit G).

She has appeared on numerous Israeli radio and television medical programs. Several examples are included on a DVD annexed hereto (Exhibit H). Letters verifying her reputation and credentials, prepared in support of this Petition, by Dr. Gershon Bodner, Senior Medical Officer at the Tel Aviv Sourasky Medical Center (Exhibit I) and Dr. Moshe Tishler, Specialist for Internal and Rheumatic Diseases (Exhibit J), are annexed hereto.

Dr. Izkhakov has, over the course of her years of practice, had a profound impact on patient and student alike, as evidenced by the following documents, in which the patients' identities have been redacted for confidentiality concerns. Also included are acknowledgments of several substantial research grants to Dr. Izkhakov, as well as miscellaneous awards and acknowledgments. An English translation has been attached to each Hebrews document; The translator's verified certification is annexed hereto (Exhibit GG).

- A letter from the principal of the Hertzelia School thanking Dr. Izkhakov for her volunteer lecture to its eight grade students, 2004 (Exhibit K);
- A letter by Tel Aviv Sourasky Medical Center's Director General, acknowledging attached letter from patients regarding Dr. Izkhakov's excellent care and thanking Dr. Izkhakov for her wonderful work, 2002 (Exhibit L);
- A thank-you letter from an instructor at a nursing school where Dr. Izkhakov gave a series of lectures in cardiology and endocrinology, 2002 (Exhibit M);
- A letter from Dr. Gil Shlamovitz thanking Dr. Izkhakov for her excellence during her three-month term as supervising attending physician, 2003 (Exhibit N);
- A letter from a patient thanking Dr. Izkhakov for assisting in a life-saving, complex diagnosis , 2003 (Exhibit O);
- A letter from a patient thanking Dr. Izkhakov for a corrective diagnosis, 2007 (Exhibit P);
- A letter by Tel Aviv Sourasky Medical Center's Director General, acknowledging attached letter from patient regarding Dr. Izkhakov's excellent care and thanking Dr. Izkhakov for her wonderful work, 2005 (Exhibit Q);
- A letter by Tel Aviv Sourasky Medical Center's Director General, acknowledging attached letter from patient regarding Dr. Izkhakov's excellent care and thanking Dr. Izkhakov for her wonderful work, 2005 (Exhibit R);
- A personal thank-you letter from a patient, 2004 (Exhibit S);
- Acknowledgment of the issuance of a $35,000 Shekel grant for clinical research from Tel Aviv University, 2004 (Exhibit T);
- Acknowledgment of the issuance of a $15,000 Shekel grant for basic science research from Tel Aviv Sourasky Medical Center, 2004 (Exhibit U);
- A letter from Tel Aviv University's Sackler School of Medicine acknowledging that Dr. Izkhakov scored highest among her peers in instructing visiting physicians, 2009 (Exhibit V);
- Dr. Izkhakov received highest rank among professors by last-year medical students at Tel Aviv University's Sackler Medical School, 2009 (Exhibit W);
- A letter by Tel Aviv Sourasky Medical Center's Director General, acknowledging attached letter from patient regarding Dr. Izkhakov's excellent care and thanking Dr. Izkhakov for her wonderful work, 2010 (Exhibit X);
- Certificate acknowledging Dr. Izkhakov's participation in the World Heart Foundation's 35th Ten Day International Teaching Seminar on Cardiovascular Epidemiology and Prevention, 2002 (Exhibit Y);
- Best Lecture Award at the Israel Medical Association's Society for Research, Prevention and Treatment of Atherosclerosic Symposium, 2001 (Exhibit Z);

- Thank-you letter from a patient, undated (Exhibit AA);
- Thank you letter from a patient, 2003 (Exhibit BB);
- Thank-you letter from a patient, undated (Exhibit CC).

## THE EARLIER EXAMINATIONS

During the period of 1993 to 1996, Dr. Izkhakov's family began emigrating from Uzbekistan to the United States: her sister, Dr. Marina Galperin in 1993, followed by her parents, her brother, Dr. David Isaacs and her sister, Dr. Suzanna Isaacs, in 1995. This inspired Dr. Izkhakov and her own immediate family to consider immigrating to the United States in order to join the rest of her family. Thus, she decided to take the USMLE examination. Without preparation, she took and passed Step 2 in October of 1996. As you know, Step 2 is the practical/clinical part of the examination. Naturally, this was easy enough a challenge for someone of Dr. Izkhakov's pristine credentials.

Unfortunately, Dr. Izkhakov did have a difficult time with Step 1 of the USMLE, which she failed to pass on a number of occasions between 1996 and 1999. The basic science nature of Part 1 of the examination presented a particular challenge to her. Not only had she been out of medical school for some eight years now, but the technical and medical content differed substantially from that taught and tested in the Tashkent Medical Institute. In addition, she was now a full-time physician, raising two young children and, in 1998, relocating her family residence from Jaffo to Tel Aviv. Dr. Izkhakov had little time to study or prepare for these examinations, each of which she took without any preparatory courses. The disappointing results followed.

## A CHANGE IN PLANS

In January of 1999, Dr. Izkhakov's husband, Alexey, suffered a serious accident at work, which rendered him bedridden and unable to work for approximately one full year. This frustrated the family's hopes to emigrate from Israel at that point in their lives. Dr. Izkhakov opened a private medical office while, simultaneously, assuming the position of senior physician in the Sick Fund Emergency Room at Maccabi Health Services, Tel Aviv, Israel.

From 2003 to 2005 Dr. Izkhakov completed her endocrinology residency at the Tel Aviv Medical Center's Ichilov Hospital. She received her Certificate of Specialist in Endocrinology in 2006. Since, she has been an attending endocrinologist in the Endocrinology Department in Tel Aviv Medical Center's Ichilov Hospital.

## PLANS REVISITED

In late 2008, Dr. Izkhakov's son, Neriy, got married to a U.S. citizen and the couple established their domicile in the United States. They were blessed with a child the following October, 2009. At the same time, her daughter, Veronika, started college in New York in September, 2009. Dr. Izkhakov and her husband were now, once again, faced with the logical and convincing drive to join virtually their entire family in the United States.

Accordingly, she enrolled in a USMLE-preparatory course, "the Medical Course for USMLE Step 1," in the American School, Ramat Gan, Israel, in January, 2010. On March 14, 2010, Dr. Izkhakov completed the ECFMG On-line Services Authentication Process which is the subject of this Petition. Upon receiving your March 29 letter, she was advised by her American School instructors that this was a minor mistake and not to worry. She promptly wrote back to you on March 30, and continued taking the Medical Course for USMLE Step 1 until its completion in May.

Meanwhile, in February, 2010, Dr. Izkhakov received a letter from the National Visa Center informing her that her immigration visa petition had been received for processing (Exhibit DD). In August, another letter from the National Visa Center arrived, informing Dr. Izkhakov that immigration interviews for her, her husband and her daughter would take place in Israel on September 16 (Exhibit EE). She is now the proud holder of a United States Visa (Exhibit JJ).

## THE ON-LINE AUTHENTICATION PROCESS

As noted above, your letters to Dr. Izkhakov indicated two specific allegations which, the Committee found, constituted irregular behavior:

**Click of the wrong button** – Dr. Izkhakov had apparently clicked on the button which read "[n]o, I have never submitted an application to ECFMG for any examination, " rather than the button which read "[y]es, I have previously submitted an application to ECFMG for examination, even if I did not take the examination." Dr. Izkhakov had, in fact, taken the examination previously.

As Dr. Izkhakov noted in her March 30 response to you, this was no more than an innocent mistake. Particularly noteworthy is the fact that the ECFMG Online Authentication Process website states, on the very web page in question, in large and bold lettering "On-line Services." It is understandable that the reader, as a result, might miscomprehend the question and understand the second option to mean "[n]o, I have never submitted an *online* application to ECFMG for any examination."

**Medical school confusion** – The Committee alleged that Dr. Izkhakov had identified, from a "pick list" of medical schools, "Second Tashkent State Medical Institute" as the medical school she had attended. This conflicted with the medical school in her ECFMG record.

As Dr. Izkhakov indicated in her responsive letter, the medical school she attended had, originally, been named the " Tashkent State Medical Institute." It wasn't until 1990, two years after Dr. Izkhakov graduated therefrom, that the school was subdivided into the First and Second Tashkent State Medical Institutes. I have annexed a historical summary of the medical school which confirms this. Upon selecting from the online "pick list," Dr. Izkhakov went with the choice which best conformed to her experience, the Second Tashkent State Medical Institute. Her response to this question was neither nefarious nor misleading – it was the best option available to her absent the opportunity to further elaborate on the school's historical evolution.

**Corroborative witnesses** – Two individuals, both physicians, witnessed Dr. Izkhakov completing the Online Authentication Process. Their statements speak for themselves.

Dr. Izkhakov first attempted to complete the Online Authentication Process from her own home computer, but was unable to find the correct web page. She, therefore, sought the assistance of Dr. Daniela Levy, who was Dr. Izkhakov's instructor at the American School for English Studies where Dr. Izkhakov was studying for the USMLE Step 1. During an intermission at one of the classes, Dr. Levy assisted Dr. Izkhakov in completing the application on Dr. Levy's computer at the school. Dr. Levy's affidavit (Exhibit HH) verifies the content of Dr. Izkhakov's March 30, 2010 letter to you.

Dr. Svetlana Margulyan was also taking Dr. Levy's class. She, too, had asked for assistance with the Online Authentication Process. As a result, she observed the entire process, and the interactions between Drs. Izkhakov and Levy. Dr. Margulyan's affidavit is attached (Exhibit II).

## IRREGULAR BEHAVIOR

The ECFMG defines "irregular behavior" as "all actions or attempted actions on the part of applicants . . . or any other person that would or could subvert the examination, certification or other process of the ECFMG ." Examples include, but are not limited to, failing to comply with a USMLE or ECFMG policy, procedure and/or rule; falsification of information on applications, submissions of any falsified or altered document to ECFMG, or submission of any falsified or altered ECFMG document to other entities or individuals. Wang v. Educational Com'n for Foreign Medical Graduates, 2009 WL 3083527, 1 (E.D.N.Y.,2009). *See, also,* Adonni v. Education Com'n for Foreign Medical Graduates, 2010 WL 610760, 1 (D.Md.,2010).

Dr. Izkhakov neither broke a rule, falsified information nor altered any documents. She made an innocent mistake in clicking on an online button, the kind of which is committed by thousands of online surfers daily. And she selected from a picklist the best answer to the question of which medical school she had attended.

## NOTHING IN DR. IZKHAKOV'S COMPLETION OF THE ON-LINE AUTHENTICATION PROCESS ROSE TO THE LEVEL OF IRREGULAR BEHAVIOR

Dr. Izkhakov, with the best of intentions, studied and prepared for her examination. She fully intended to take it and pass. It would seem not only out of character for a person of her character and credentials to lie or mislead under the circumstances, but illogical as well. Dr. Izkhakov respectfully prays the Committed reconsider its decision in her matter, in light of the foregoing, particularly noting that:
1. The State of New York has no limit on the number of times an applicant may fail the examination. Thus, there would be no reason for her to mislead or falsify even if she was otherwise inclined to do so;
2. An intelligent, accomplished and recognized physician and professor of her status would not likely intentionally risk her entire career, not to mention her wishes to join

her parents, siblings, children and grandchild in the United States, by engaging in conduct that would without doubt be noticed and cited;

3. Dr. Izkhakov was prompt and candid with the Committee in her immediate response to your March 29th letter. She did not seek the advice or assistance of counsel, but was forthright and completely transparent in her next-day response.

4. Dr. Izkhakov's statement is fully corroborated by two highly credible witnesses.

WHEREFORE, Dr. Izkhakov respectfully requests the opportunity to appear in person before the Committee, when it next congregates, in support of this Petition for Reconsideration. She is prepared to answer any and all questions the Committee may have for her honorably and with her typical candor.

Respectfully submitted,
Gallet, Dreyer and Berkey, LLP

By: Barry Black
*Attorneys for Dr. Elena Izkhakov*
845 Third Avenue, 8th floor
New York, NY 10022
(212) 935-3131

# EXHIBIT B



LAW OFFICES OF BARRY BLACK, P.C.

479 South Oyster Bay Rd, Plainview, NY 11803 • Tel (516) 247-1510 • Fax (516) 247-1511

April 16, 2012

Margaret E. Rodgers Schmidt
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103

Re: Izkhakov v. ECFMG, 12 Civ. 00348

Dear Erin:

Thank you for your April 12 letter to Chris and me. As you mentioned, I shared with you at the March 28 court conference Dr. Izkhakov's Application for Immigrant Visa and Alien Registration, in which Dr. Izkhakov had listed with the United States Department of State her "permanent address in the United States where you intend to live" as 62-05 84th St. in Middle Village, NY. I also showed you documents confirming that her husband, daughter and parents live at the same address in Middle Village. In addition, Dr. Izkhakov's sister and brother-in-law, Drs. Mark and Marina Galperin, and their children live in Middle Neck, NY, as does Dr. Izkhakov's sister Dr. Susanna Isaacs and her brother Dr. David Isaacs. In short, her entire family lives in New York. As discussed, many of them are likely to testify at trial. In light of this, ECFMG could hardly declare in good faith that it "is unaware of any relevant witnesses, documents or other evidence located in the Southern District of New York."

Dr. Izkhakov resides in Tel Aviv, Israel, not by choice but solely because ECFMG's has wrongfully barred her from taking the USMLE. ECFMG pushes the envelope in seeking to paint a wholly distorted picture with its own unclean hands. Had ECFMG allowed Dr. Izkhakov to take the exam, she would long have been living and practicing medicine in New York with her family.

I bring to your attention that, aside from the obviously substantial burden any defendant bears in a venue transfer motion, the Southern District has spoken on the subject with pristine clarity when it involves transfer between New York and Philadelphia:

> In most circumstances, a litigant seeking to transfer an action to a nearby district will find it difficult to demonstrate the degree of inconvenience necessary to prevail. . . . That is so because the transfer statute primarily "was designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses" in ordinary cases. . . . see also 15 Charles A. Wright et. al., Federal Practice and Procedure § 3854 (stating that transfer for inconvenience is not appropriate when distance between two courts is relatively short and easily traveled). Indeed, several courts have denied

transfer from New York to Philadelphia, or vice versa, based on a claim of inconvenience, given the short distance and the ease of travel between the two cities (citing cases).

When asked at oral argument, defendants could not say that the 95-mile jaunt from Philadelphia to New York, accomplishable in an hour-and-a-half train ride, actually would pose an inconvenience for any witness. . . . Tig Ins. Co. v. Century Indem. Co., 2009 U.S. Dist. LEXIS 47558, 5-8 (S.D.N.Y. 2009)

The Minute Entry for the March 28th Pre-Motion Conference held before the Hon. Andrew L. Carter, Jr. encourages the parties to "try and resolve the venue issue" and not, as you wrote, to merely *discuss* ECFMG's motion to transfer venue. As I understand Judge Carter's directive, the parties are to engage in honest, good-faith efforts to negotiate and *resolve* the venue transfer issue; I do not understand this to include either party simply asking the other to adopt its own position. Accordingly, though the case law squarely supports our view, Dr. Izkhakov has authorized us to offer you the following: If you withdraw your [proposed] Motion to Change Venue, we will consent to conduct the depositions of the three potential witnesses named in William C. Kelly's Declaration in Support of Defendant's Motion to Transfer Venue – Mr. Kelly, Stephen S. Seeling and Kara Corrado – in Philadelphia. This should offset, if not virtually negate, ECFMG's claims of inconvenience.[1]

I await your response, and welcome a conference call rather than continued letter exchanges in a genuine effort to achieve resolution to this issue.

Very truly yours,

Barry Black

cc: Chris Chang

---

[1] Keep in mind that, as Chris mentioned at the court conference, this matter is likely to be resolved via summary judgment, so the witnesses would probably never have to even set foot in New York.

# EXHIBIT C

U.S. Department of State



## APPLICATION FOR IMMIGRANT VISA AND ALIEN REGISTRATION

OMB APPROVAL NO. 1405-0015
EXPIRES: 02/29/2012
ESTIMATED BURDEN 1 HOUR*
(See Page 2)

### PART I - BIOGRAPHIC DATA

**Instructions:** Complete one copy of this form for yourself and each member of your family, regardless of age, who will immigrate with you. Please print or type your answers to all questions. Mark questions that are **Not Applicable** with "N/A". If there is insufficient room on the form, answer on a separate sheet using the same numbers that appear on the form. Attach any additional sheets to this form.

**Warning:** Any false statement or concealment of a material fact may result in your permanent exclusion from the United States. This form (DS-230 Part I) is the first of two parts. This part, together with Form DS-230 Part II, constitutes the complete Application for Immigrant Visa and Alien Registration.

1. Family Name: **IZKHAKOVA**   First Name: **ELENA**   Middle Name:

2. Other Names Used or Aliases (if married woman, give maiden name): **ELENA ILYNICHNA IZKHAKOVA & ELENA IZKHAKOV**

3. Full Name in Native Alphabet (if Roman letters not used): **ELENA IZKHAKOVA**

4. Date of Birth (mm-dd-yyyy): **04-20-1965**   5. Age: **44**   6. Place of Birth (City or Town): **TASHKENT**   (Province):   (Country): **UZBEKISTAN**

7. Nationality (If dual national, give both): **ISRAEL**   8. Gender: ☒ Female ☐ Male   9. Marital Status: ☐ Single (Never Married) ☒ Married ☐ Widowed ☐ Divorced ☐ Separated
Including my present marriage, I have been married **0** times.

10. Permanent address in the United States where you intend to live, if known (street address including ZIP code). Include the name of a person who currently lives there:
PNINA ISKHAKOVA (MOTHER)
62-05 84TH STREET, #D44
MIDDLE VILLAGE, NEW YORK 11379
Telephone number: 631-603-2980

11. Address in the United States where you want your Permanent Resident Card (Green Card) mailed, if different from address in item #10 (include the name of a person who currently lives there):
PNINA ISKHAKOVA (MOTHER)
62-05 84TH STREET, #D44
MIDDLE VILLAGE, NEW YORK 11379
Telephone number: 631-603-2980

12. Present Occupation: **MEDICAL DOCTOR (ENDOCRINOLOGIST)**

13. Present Address (Street Address) (City or Town) (Province) (Country): **BEERI STREET 47 #8  TEL AVIV, ISRAEL 64233**
Telephone Number (Home): 03-695-4039   Telephone Number (Office):   Email Address: INERIK@GMAIL.COM

14. Spouse's Maiden or Family Name: **IZKHAKOV**   First Name: **ALEXEY**   Middle Name:

15. Date (mm-dd-yyyy) and Place of Birth of Spouse: **07-22-1961   TASHKENT, UZBEKISTAN**

16. Address of Spouse (If different from your own): **SAME AS IN ITEM #13**

17. Spouse's Occupation: **UNEMPLOYED**

18. Date of Marriage (mm-dd-yyyy): **06-19-1983**

19. Father's Family Name: **ISKHAKOV**   First Name: **ILYUSHA**   Middle Name:

20. Father's Date of Birth (mm-dd-yyyy): **04-23-1937**   21. Place of Birth: **TASHKENT, UZBEKISTAN**   22. Current Address: **SAME AS IN ITEM #10 & 11**   23. If Deceased, Give Year of Death:

24. Mother's Family Name at Birth: **AVEZBAKIYEVA**   First Name: **PNINA**   Middle Name:

25. Mother's Date of Birth (mm-dd-yyyy): **11-10-1941**   26. Place of Birth: **UZBEKISTAN**   27. Current Address: **SAME AS IN ITEM #10 & 11**   28. If Deceased, Give Year of Death:

DS-230 Part I
02-2010

This Form May be Obtained Free at Consular Offices of the United States of America
Previous Editions Obsolete

Page 1 of 4

29. List Names, Dates and Places of Birth, and Addresses of ALL Children

| Name | Date (mm-dd-yyyy) | Place of Birth | Address (if different from your own) |
|---|---|---|---|
| NERIY IZKHAKOV | 03-11-1984 | UZBEKISTAN | 150-10 79TH AVE #3C FLUSHING, NY 11367 |
| VERONIKA IZKHAKOV | 11-21-1989 | UZBEKISTAN | 50-21 244TH ST LITTLE NECK, NY 11362 |

30. List below all places you have lived for at least six months since reaching the age of 16, including places in your country of nationality. Begin with your present residence.

| City or Town | Province | Country | From/To (mm-yyyy) or "Present" |
|---|---|---|---|
| TEL AVIV | | ISRAEL | 08-1990 — Present |
| TASHKENT | | UZBEKISTAN | 4-1981 — 08-1990 |

31a. Person(s) named in 14 and 29 who will accompany you to the United States now.

MY HUSBAND NAMELY ALEXEY IZKHAKOV AND MY DAUGHTER NAMELY VERONIKA IZKHAKOV

31b. Person(s) named in 14 and 29 who will follow you to the United States at a later date.

32. List below all employment for the last ten years.

| Employer | Location | Job Title | From/To (mm-yyyy) or "Present" |
|---|---|---|---|
| ICHILOV HOSPITAL | TEL AVIV, ISREAL | Internist, Endocrinologist | 03-1992 — Present |
| MACCABI | TEL AVIV, ISRAEL | Internist, Endocrinologist | 1995 — Present |

In what occupation do you intend to work in the United States? MEDICAL DOCTOR

33. List below all educational institutions attended

| School and Location | From/To (mm-yyyy) | Course of Study | Degree or Diploma |
|---|---|---|---|
| Ichilov Hospital, Tel Aviv Israel | 11-1990 — 07-1991 | General Medicine | Certified MD |
| Tashkent State Medical Institute, Taskent Uzbekistan | 09-1982 — 06-1988 | Medicine | MD |

Languages spoken or read — RUSSIAN, HEBREW & ENGLISH

Professional associations to which you belong — Israel Society of Internal Medicine, Israel Endocinology Society

34. Previous Military Service ☐ Yes ☒ No

Branch _____ Dates of Service (mm-dd-yyyy) _____
Rank/Position _____ Military Speciality/Occupation _____

35. List dates of all previous visits to or residence in the United States. (If never, write "never") Give type of visa status, if known. Give DHS "A" number if any.

| From/To (mm-yyyy) | Location | Type of Visa | "A" Number (if known) |
|---|---|---|---|
| 11-2009 — 11-2009 | NEW YORK | B1/B2 | |
| 08-2009 — 09-2009 | NEW YORK | B1/B2 | |
| 12-2008 — 01-2009 | NEW YORK | B1/B2 | |

Signature of Applicant: [signature]   Date (mm-dd-yyyy): 04-16-2010

Privacy Act and Paperwork Reduction Act Statements
The information asked for on this form is requested pursuant to Section 222 of the Immigration and Nationality Act. The U.S. Department of State uses the facts you provide on this form primarily to determine your classification and eligibility for a U.S. immigrant visa. Individuals who fail to submit this form or who do not provide all the requested information may be denied a U.S. immigrant visa. If you are issued an immigrant visa and are subsequently admitted to the United States as an immigrant, the Department of Homeland Security will use the information on this form to issue you a Permanent Resident Card, and, if you so indicate, the Social Security Administration will use the information to issue you a social security number and card.

"Public reporting burden for this collection of information is estimated to average 1 hour per response, including time required for searching existing data sources, gathering the necessary documentation, providing the information and/or documents required, and reviewing the final collection. You do not have to supply this information unless this collection displays a currently valid OMB control number. If you have comments on the accuracy of this burden estimate and/or recommendations for reducing it, please send them to: A/GIS/DIR, Room 2400 SA-22, U.S. Department of State, Washington, DC 20522-2202



U.S. Department of State

# APPLICATION FOR IMMIGRANT VISA AND ALIEN REGISTRATION

OMB APPROVAL NO. 1405-0015
EXPIRES: 02/29/2012
ESTIMATED BURDEN: 1 HOUR*

## PART II - SWORN STATEMENT

**Instructions:** Complete one copy of this form for yourself and each member of your family, regardless of age, who will immigrate with you. Please print or type your answers to all questions. Mark questions that are **Not Applicable** with "**N/A**". If there is insufficient room on the form, answer on a separate sheet using the same numbers that appear on the form. Attach any additional sheets to this form. The fee should be paid in United States dollars or local currency equivalent, or by bank draft.

**Warning:** Any false statement or concealment of a material fact may result in your permanent exclusion from the United States. Even if you are issued an immigrant visa and are subsequently admitted to the United States, providing false information on this form could be grounds for your prosecution and/or deportation.

This form (DS-230 Part II), together with Form DS-230 Part I, constitutes the complete Application for Immigrant Visa and Alien Registration.

| 36. Family Name | First Name | Middle Name |
|---|---|---|
| IZKHAKOVA | ELENA | |

37. Other Names Used or Aliases (If married woman, give maiden name)

IZKHAKOV ELENA

38. Full Name in Native Alphabet (if Roman letters not used)

ELENA IZKHAKOVA

| 39. Name and Address of Petitioner | Telephone number |
|---|---|
| PNINA ISKHAKOVA 62-05 84TH STREET #D44 MIDDLE VILLAGE, NY 11379 | 631-603-2980 |
| | Email Address |
| | INERIK@GMAIL.COM |

40. United States laws governing the issuance of visas require each applicant to state whether or not he or she is a member of any class of individuals excluded from admission into the United States. The excludable classes are described below in general terms. You should read carefully the following list and answer Yes or No to each category. The answers you give will assist the consular officer to reach a decision on your eligibility to receive a visa.

**Except as Otherwise Provided by Law, Aliens Within the Following Classifications are Ineligible to Receive a Visa. Do Any of the Following Classes Apply to You?**

a. An alien who has a communicable disease of public health significance, who has failed to present documentation of having received vaccinations in accordance with U.S. law, who has or has had a physical or mental disorder that poses or is likely to pose a threat to the safety or welfare of the alien or others; or who is a drug abuser or addict. ☐ Yes ☒ No

b. An alien convicted of, or who admits having committed, a crime involving moral turpitude or violation of any law relating to a controlled substance or who is the spouse, son or daughter of such a trafficker who knowingly has benefited from the trafficking activities in the past five years; who has been convicted of 2 or more offenses for which the aggregate sentences were 5 years or more; who is coming to the United States to engage in prostitution or commercialized vice or who has engaged in prostitution or procuring within the past 10 years; who is or has been an illicit trafficker in any controlled substance; who has committed a serious criminal offense in the United States and who has asserted immunity from prosecution; who, while serving as a foreign government official, was responsible for or directly carried out particularly severe violations of religious freedom; or whom the President has identified as a person who plays a significant role in a severe form of trafficking in persons, who knowingly aided, abetted, assisted or colluded with such a trafficker in severe forms of trafficking in persons, or who is the spouse, son or daughter of such a trafficker who knowingly has benefited from the trafficking activities within the past five years. ☐ Yes ☒ No

c. An alien who seeks to enter the United States to engage in espionage, sabotage, export control violations, terrorist activities, the overthrow of the Government of the United States or other unlawful activity; who is a member of or affiliated with the Communist or other totalitarian party; who participated, engaged or ordered genocide, torture, or extrajudicial killings, or who is a member or representative of a terrorist organization as currently designated by the U.S. Secretary of State. ☐ Yes ☒ No

d. An alien who is likely to become a public charge. ☐ Yes ☒ No

e. An alien who seeks to enter for the purpose of performing skilled or unskilled labor who has not been certified by the Secretary of Labor; who is a graduate of a foreign medical school seeking to perform medical services who has not passed the NBME exam or its equivalent, or who is a health care worker seeking to perform such work without a certificate from the CGFNS or from an equivalent approved independent credentialing organization. ☐ Yes ☒ No

f. An alien who failed to attend a hearing on deportation or inadmissibility within the last 5 years, who seeks or has sought a visa, entry into the United States, or any immigration benefit by fraud or misrepresentation; who knowingly assisted any other alien to enter or try to enter the United States in violation of law; who, after November 30, 1996, attended in student (F) visa status a U.S. public elementary school or who attended a U.S. public secondary school without reimbursing the school; or who is subject to a civil penalty under INA 274C. ☐ Yes ☒ No

### Privacy Act and Paperwork Reduction Act Statements

The information asked for on this form is requested pursuant to Section 222 of the Immigration and Nationality Act. The U.S. Department of State uses the facts you provide on this form primarily to determine your classification and eligibility for a U.S. immigrant visa. Individuals who fail to submit this form or who do not provide all the requested information may be denied a U.S. immigrant visa. If you are issued an immigrant visa and are subsequently admitted to the United States as an immigrant, the Department of Homeland Security will use the information on this form to issue you a Permanent Resident Card, and, if you so indicate, the Social Security Administration will use the information to issue you a social security number and card.

*Public reporting burden for this collection of information is estimated to average 1 hour per response, including time required for searching existing data sources, gathering the necessary documentation, providing the information and/or documents required, and reviewing the final collection. You do not have to supply this information unless this collection displays a currently valid OMB control number. If you have comments on the accuracy of this burden estimate and/or recommendations for reducing it, please send them to: A/GIS/DIR, Room 2400 SA-22, U.S. Department of State, Washington, DC 20522-2202.

| | | |
|---|---|---|
| g. An alien who is permanently ineligible for U.S. citizenship, or who departed the United States to evade military service in time of war | ☐ Yes | ☒ No |
| h. An alien who was previously ordered removed within the last 5 years or ordered removed a second time within the last 20 years, who was previously unlawfully present and ordered removed within the last 10 years or ordered removed a second time within the last 20 years, who was convicted of an aggravated felony and ordered removed, who was previously unlawfully present in the United States for more than 180 days but less than one year who voluntarily departed within the last 3 years, or who was unlawfully present for more than one year or an aggregate of one year within the last 10 years. | ☐ Yes | ☒ No |
| i. An alien who is coming to the United States to practice polygamy; who withholds custody of a U.S. citizen child outside the United States from a person granted legal custody by a U.S. court or intentionally assists another person to do so; who has voted in the United States in violation of any law or regulation, or who renounced U.S. citizenship to avoid taxation. | ☐ Yes | ☒ No |
| j. An alien who is a former exchange visitor who has not fulfilled the 2-year foreign residence requirement. | ☐ Yes | ☒ No |
| k. An alien determined by the Attorney General to have knowingly made a frivolous application for asylum | ☐ Yes | ☒ No |
| l. An alien who has ordered, carried out or materially assisted in extrajudicial and political killings and other acts of violence against the Haitian people; who has directly or indirectly assisted or supported any of the groups in Colombia known as FARC, ELN, or AUC; who through abuse of a governmental or political position has converted for personal gain, confiscated or expropriated property in Cuba, a claim to which is owned by a national of the United States, has trafficked in such property or has been complicit in such conversion, has committed similar acts in another country, or is the spouse, minor child or agent of an alien who has committed such acts; who has been directly involved in the establishment or enforcement of population controls forcing a woman to undergo an abortion against her free choice or a man or a woman to undergo sterilization against his or her free choice, or who has disclosed or trafficked in confidential U.S. business information obtained in connection with U.S. participation in the Chemical Weapons Convention or is the spouse, minor child or agent of such a person, or who has ever engaged in the recruitment of or the use of child soldiers. | ☐ Yes | ☒ No |

| | | |
|---|---|---|
| 41. Have you ever been charged, arrested or convicted of any offense or crime? *(If answer is Yes, please explain)* | ☐ Yes | ☒ No |

| | | |
|---|---|---|
| 42. Have you ever been refused admission to the United States at a port-of-entry? *(If answer is Yes, please explain)* | ☐ Yes | ☒ No |

43a. Have you ever applied for a Social Security Number (SSN)?

☐ Yes   ☒ No

Give the number _____
Would you like to receive a replacement card? (You must answer YES to question 43b to receive a card.)

☐ Yes   ☒ No

Do you want the Social Security Administration to assign you a SSN and issue a card? (You must answer YES to question 43b to receive a number and a card.)

☒ Yes   ☐ No

43b. **Consent to Disclosure:** I authorize disclosure of information from this form to the Department of Homeland Security (DHS), the Social Security Administration (SSA), such other U.S. Government agencies as may be required for the purpose of assigning me an SSN and issuing me a Social Security card, and I authorize the SSA to share my SSN with the INS

☒ Yes   ☐ No

The applicant's response does not limit or restrict the Government's ability to obtain his or her SSN, or other information on this form, for enforcement or other purposes as authorized by law

44. Were you assisted in completing this application?   ☒ Yes   ☐ No

*(If answer is Yes, give name and address of person assisting you, indicating whether relative, friend, travel agent, attorney, or other)*

BLECHER, MENDEL & FEDELE ESQS. 1501 BROADWAY SUITE 1610 NEW YORK, NEW YORK 10036 -MY ATTORNEYS

---

**DO NOT WRITE BELOW THE FOLLOWING LINE**
The consular officer will assist you in answering item 45.
**DO NOT SIGN** this form until instructed to do so by the consular officer

45. I claim to be:

☐ A Family-Sponsored Immigrant
☐ An Employment-Based Immigrant
☐ A Diversity Immigrant
☐ A Special Category (Specify) _____

☐ I derive foreign state chargeability under Sec. 202(b) through my _____

☐ Preference _____
☐ Numerical limitation _____ (foreign state)

*(Returning resident, Hong Kong, Tibetan, Private Legislation, etc.)*

I understand that I am required to surrender my visa to the United States Immigration Officer at the place where I apply to enter the United States, and that the possession of a visa does not entitle me to enter the United States if at that time I am found to be inadmissible under the immigration laws.

I understand that any willfully false or misleading statement or willful concealment of a material fact made by me herein may subject me to permanent exclusion from the United States and, if I am admitted to the United States, may subject me to criminal prosecution and/or deportation.

I, the undersigned applicant for a United States immigrant visa, do solemnly swear (or affirm) that all statements which appear in this application, consisting of Form DS-230 Part I and Part II combined, have been made by me, including the answers to items 1 through 45 inclusive, and that they are true and complete to the best of my knowledge and belief. I do further swear (or affirm) that, if admitted into the United States, I will not engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States; in activities which would be prohibited by the laws of the United States relating to espionage, sabotage, public disorder, or in other activities subversive to the national security; in any activity a purpose of which is the opposition to or the control, or overthrow of, the Government of the United States, by force, violence, or other unconstitutional means.

I understand that completion of this form by persons required by law to register with the Selective Service System *(males 18 through 25 years of age)* constitutes such registration in accordance with the Military Selective Service Act.

_____
Signature of Applicant

Subscribed and sworn to before me this _____ day of _____ at _____

_____
Consular Officer

DS-230 Part II      This Form May be Obtained Free at Consular Offices of The United States of America      Page 4 of 4

U.S. Department of Justice
Immigration and Naturalization Service (INS)

**Petition for Alien Relative**

OMB #1115-0054

---

### DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE ONLY

Case ID#

A#

G-28 or Volag #

Action Stamp

Fee Stamp

Section of Law:
- [ ] 201 (b) spouse
- [ ] 201 (b) child
- [ ] 201 (b) parent
- [ ] 203 (a)(1)
- [ ] 203 (a)(2)
- [ ] 203 (a)(4)
- [ ] 203 (a)(5)

AM CON: _____

Petition was filed on: _____ (priority date)
- [ ] Personal Interview
- [ ] Pet. [ ] Ben. "A" File Reviewed
- [ ] Field Investigations
- [ ] 204 (a)(2)(A) Resolved
- [ ] Previously Forwarded
- [ ] Stateside Criteria
- [ ] I-485 Simultaneously
- [ ] 204 (h) Resolved

Remarks:

---

## A. Relationship

1. The alien relative is my
   - [ ] Husband/Wife  [ ] Parent  [ ] Brother/Sister  [X] Child

2. Are you related by adoption?  [ ] Yes  [X] No

3. Did you gain permanent residence through adoption?  [ ] Yes  [X] No

## B. Information about you

1. Name (Family name in CAPS) (First) (Middle)
   ISKHAKOVA   PNINA

2. Address (Number and Street)   (Apartment Number)
   62-05 84th Street   # D44

   (Town or City)   (State/Country)   (ZIP/Postal Code)
   MIDDLE VILLAGE   NY   11379

3. Place of Birth (Town or City)   (State/Country)
   Tashkent   Uzbekistan

4. Date of Birth (Mo/Day/Yr)   5. Sex   6. Marital Status
   11/10/41   [ ] Male [X] Female   [X] Married [ ] Single [ ] Widowed [ ] Divorced

7. Other Names Used (including maiden name)
   AVEZBAKIYEVA

8. Date and Place of Present Marriage (if married)
   4/28/64   Tashkent, Uzbekistan

9. Social Security Number   10. Alien Registration Number (if any)
   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   A071273394

11. Names of Prior Husbands/Wives   12. Date(s) Marriages(s) Ended
    N/A   N/A

13. If you are a U.S. citizen, complete the following:
    My citizenship was acquired through (check one)
    - [ ] Birth in the U.S.
    - [X] Naturalization (Give number of certificate, date and place it was issued)
      No 26645643, 10/23/01 Brooklyn, NY
    - [ ] Parents
      Have you obtained a certificate of citizenship in your own name?
      [ ] Yes  [ ] No
      If "Yes", give number of certificate, date and place it was issued

14a. If you are a lawful permanent resident alien, complete the following:
     Date and place of admission for, or adjustment to, lawful permanent residence, and class of admission:
     N/A

14b. Did you gain permanent resident status through marriage to a United States citizen or lawful permanent resident?  [ ] Yes  [ ] No

## C. Information about your alien relative

1. Name (Family name in CAPS) (First) (Middle)
   IZKHAKOV   ELENA

2. Address (Number and Street)   (Apartment Number)
   Beeri St   47   #8

   (Town or City)   (State/Country)   (ZIP/Postal Code)
   Tel-Aviv   Israel   64233

3. Place of Birth (Town or City)   (State/Country)
   Tashkent   Uzbekistan

4. Date of Birth (Mo/Day/Yr)   5. Sex   6. Marital Status
   4/20/65   [ ] Male [X] Female   [X] Married [ ] Single [ ] Widowed [ ] Divorced

7. Other Names Used (including maiden name)
   N/A

8. Date and Place of Present Marriage (if married)
   6/19/83   Tashkent, Uzbekistan

9. Social Security Number   10. Alien Registration Number (if any)
   NA   NA

11. Names of Prior Husbands/Wives   12. Date(s) Marriages(s) Ended
    N/A   N/A

13. Has your relative ever been in the U.S.?
    [X] Yes  [ ] No

14. If your relative is currently in the U.S., complete the following: He or she last arrived as a (visitor, student, stowaway, without inspection, etc.)
    N/A

    Arrival/Departure Record (I-94) Number   Date arrived (Month/Day/Year)

    Date authorized stay expired, or will expire, as shown on Form I-94 or I-95

15. Name and address of present employer (if any)

    Date this employment began (Month/Day/Year)
    Oct 1991

16. Has your relative ever been under immigration proceedings?
    [ ] Yes  [X] No   Where _____ When _____
    [ ] Exclusion  [ ] Deportation  [ ] Recission  [ ] Judicial Proceedings

---

| INITIAL RECEIPT | RESUBMITTED | RELOCATED | | COMPLETED | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |

Form I-130 (Rev. 10/13/98)N

## C. (continued) Information about your alien relative

**16.** List husband/wife and all children of your relative (if your relative is your husband/wife, list only his or her children).

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| Alexey Izkhakov | husband | 7/22/61 | Uzbekistan |
| Neriy Izkhakov | son | 3/11/ | Uzbekistan |
| Veronika Izkhakov | daughter | 11/21/89 | Uzbekistan |

**17.** Address in the United States where your relative intends to live
(Number and Street) 62-08 89th St Apt #D44   (Town or City) Middle Village   (State) NY

**18.** Your relative's address abroad
(Number and Street) Beeri St 47/8   (Town or City) Tel-Aviv   (Province) ___   (Country) Israel   (Phone Number) 03 6954039

**19.** If your relative's native alphabet is other than Roman letters, write his or her name and address abroad in the native alphabet:
(Name) [Hebrew]   (Number and Street) 47/8 [Hebrew]   (Town or City) [Hebrew]   (Province)   (Country) [Hebrew]

**20.** If filing for your husband/wife, give last address at which you both lived together:
(Name) N/A

**21.** Check the appropriate box below and give the information required for the box you checked:

☒ Your relative will apply for a visa abroad at the American Consulate in Tel-Aviv (City) Israel (Country)   (What about Neria?)

☐ Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at _____. If your relative is not eligible for adjustment of status, he or she will apply for a visa abroad at the American Consulate in _____ (City) _____ (Country)

(Designation of a consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that consulate. Acceptance is at the discretion of the designated consulate.)

## D. Other Information

1. If separate petitions are also being submitted for other relatives, give names of each and relationship.
   N/A

2. Have you ever filed a petition for this or any other alien before?   ☐ Yes   ☒ No
   If "Yes," give name, place and date of filing, and result.

**Warning:** The INS investigates claimed relationships and verifies the validity of documents. The INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

**Penalties:** You may, by law be imprisoned for not more than five years, or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws and you may be fined up to $10,000 or imprisoned up to five years or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

Signature _____   Date _____   Phone Number _____

### Signature of Person Preparing Form if Other than Above

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name _____ (Address) _____ (Signature) _____ (Date) _____

G-28 ID Number _____

Voiag Number _____

Form I-130 (Rev. 10/13/95)N

### NOTICE TO PERSONS FILING FOR SPOUSES IF MARRIED LESS THAN TWO YEARS

Pursuant to section 216 of the Immigration and Nationality Act, your alien spouse may be granted conditional permanent resident status in the United States as of the date he or she is admitted or adjusted to conditional status by an officer of the Immigration and Naturalization Service. Both you and your conditional permanent resident spouse are required to file a petition, Form I-751, Joint Petition to Remove Conditional Basis of Alien's Permanent Resident Status, during the ninety day period immediately before the second anniversary of the date your alien spouse was granted conditional permanent residence.

Otherwise, the rights, privileges, responsibilities and duties which apply to all other permanent residents apply equally to a conditional permanent resident. A conditional permanent resident is not limited to the right to apply for naturalization, to file petitions in behalf of qualifying relatives, or to reside permanently in the United States as an immigrant in accordance with the immigration laws.

**Failure to file Form I-751, Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status, will result in termination of permanent residence status and initiation of deportation proceedings.**

**NOTE: You must complete Items 1 through 6 to assure that petition approval is recorded. Do not write in the section below item 6.**

| | |
|---|---|
| 1. Name of relative (Family name in CAPS) (First) (Middle) | **CHECKLIST** |
| 2. Other names used by relative (including maiden name) | Have you answered each question? |
| 3. Country of relative's birth  4. Date of relative's birth (Month/Day/Year) | Have you signed the petition? |
| 5. Your name (Last name in CAPS) (First) (Middle)  6. Your phone number | Have you enclosed: |

Action Stamp

SECTION
- [ ] 201 (b)(spouse)
- [ ] 201 (b)(child)
- [ ] 201 (b)(parent)
- [ ] 203 (a)(1)
- [ ] 203 (a)(2)
- [ ] 203 (a)(4)
- [ ] 203 (a)(5)

DATE PETITION FILED

- [ ] STATESIDE CRITERIA GRANTED

SENT TO CONSUL AT:

Have you enclosed:
- [ ] The filing fee for each petition?
- [ ] Proof of your citizenship or lawful permanent residence?
- [ ] All required supporting documents for each petition?

**If you are filing for your husband or wife have you included:**
- [ ] Your picture?
- [ ] His or her picture?
- [ ] Your G-325A?
- [ ] His or her G-325A?

Relative Petition Card
Form I-130 (Rev. 10/13/98)N