UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ELENA IZKHAKOV, : *ECF Case*
:
               Plaintiff, : **12 Civ. 0348 (ALC)(MHD)**
:
  -against- :
:
:
EDUCATIONAL COMMISSION FOR :
FOREIGN MEDICAL GRADUATES, :
:
:
               Defendant. :
---------------------------------------------------------------x

**DEFENDANT ECFMG'S REPLY IN SUPPORT OF ITS MOTION**
**TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

Page

I. **INTRODUCTION** ..................................................................................................... 1

II. **ARGUMENT** ............................................................................................................. 1

    A. **The Locus of Operative Facts is in EDPA, not SDNY** ..................................... 2

    B. **Plaintiff's Choice of Forum Here is Entitled to Diminished Weight** ............... 4

    C. **Given that the Locus of Operative Facts in EDPA and that Plaintiff's Selection of SDNY Deserves No Special Deference, the Convenience Factors Warrant Transfer to EDPA** ................................................................. 5

        1. When Analyzing the Convenience of the Parties, Plaintiff Overlooks the Significance of the Fact that She Resides in Israel, not New York ............................................................................................ 5

        2. Plaintiff's Opposition Analyzes the Convenience of the Wrong People .................................................................................................. 6

            a. *Counsels' Convenience is Completely Irrelevant to ECFMG's Motion* ........................................................................ 6

            b. *Plaintiff Identifies No Specific Inconvenience to Any Percipient Witness* ..................................................................... 7

        3. The Proximity of EDPA and SDNY Does Not Foreclose Transfer ........... 8

    D. **Plaintiff's Forum Shopping Favors Transfer to EDPA** .................................... 9

III. **CONCLUSION** ....................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Blanning v. Tisch*,
 378 F. Supp. 1058 (E.D. Pa. 1974) ......................................................................................9

*Blum v. Salomon*,
 No. 06 Civ. 3149, 2006 WL 3851157 (S.D.N.Y. Dec. 26, 2006) ................................2, 3, 5

*Brockmeyer v. May*,
 No. 98 Civ. 5521, 1999 WL 191547 (S.D.N.Y. Apr. 6, 1999) ..............................................4

*Cagle v. Cooper Cos.*,
 Nos. 91 Civ. 7828, 94 Civ. 4350, 92 Civ. 1650, 91 Civ. 6996, 93 Civ. 8970, 1996 WL
 345771 (S.D.N.Y. June 24, 1996) ................................................................................1, 4, 6

*CNA Ins. Co., et al. v. Martin Automatic, U.K. Ltd., et al.*,
 No. 02 Civ. 1693 (GEL), 2002 U.S. Dist. LEXIS 15023 (S.D.N.Y. Aug. 14, 2002) ............8

*Crow Constr. Co. v. Jeffrey M. Brown Assocs.*,
 No. 01 Civ. 3839, 2001 WL 1006721 (S.D.N.Y. Aug. 31, 2001) ..........................................7

*Eres N.V. v. Citgo Asphalt Ref. Co.*,
 605 F. Supp. 2d 473 (S.D.N.Y. 2009) ...................................................................................2

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
 415 F. Supp. 2d 370 (S.D.N.Y. 2006) ...................................................................................6

*Intria Corp. v. Intira Corp.*,
 No. 00 Civ. 7198, 2000 WL 1745043 (S.D.N.Y. Nov. 27, 2000) ......................................4, 7

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
 425 F. Supp. 2d 325 (E.D.N.Y. 2006) ...................................................................................5

*Royal Ins. Co. of Am. v. United States*,
 998 F. Supp. 351 (S.D.N.Y. 1998) ........................................................................................4

*Sinakin v. Havens*,
 No. 96-8199, 1997 WL 363859 (E.D. Pa. June 13, 1997) .....................................................9

*Staudinger v. ECFMG, et al.*,
 No. 92 Civ. 8071 (JFK), 1994 U.S. Dist. LEXIS 105080 (S.D.N.Y. Aug. 3, 1994) .............6

*Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*,
 No. 00 Civ. 1971 (AGS), 2000 U.S. Dist. LEXIS 13138 (S.D.N.Y. Sept. 13, 2000) ............3

*TIG Ins. Co. v. Century Indem. Co.*,
  No. 08 Civ. 7322 (JFK), 2009 WL 1564112 (S.D.N.Y. June 4, 2009) ...................................8

*Universal Grading Serv., et al. v. eBay, Inc., et al.*,
  No. 08-CV03557 (CPS), 2009 U.S. Dist. LEXIS 49841 (E.D.N.Y. June 10, 2009).................3

*Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*,
  774 F. Supp. 858 (S.D.N.Y. 1991) ........................................................................................4

*Victoriatea.com Inc. v. Cott Beverages Canada*,
  239 F. Supp. 2d 377 (S.D.N.Y. 2003).....................................................................................9

*Walker v. Jon Renau Collection, Inc.*,
  423 F. Supp. 2d 115 (S.D.N.Y. 2005)............................................................................2, 8, 10

*Wang v. ECFMG*,
  No. 05-CV-1862 (JS) (ARL), 2009 U.S. Dist. LEXIS 87319 (E.D.N.Y. Sept. 17,
  2009) ......................................................................................................................................6

*Zepherin v. Greyhound Lines Inc.*,
  415 F. Supp. 2d 409 (S.D.N.Y. 2006).....................................................................................6

**STATUTES**

28 U.S.C. § 1391................................................................................................................................2

28 U.S.C. § 1404(a) ................................................................................................................1, 2, 10

I.     **INTRODUCTION**

ECFMG seeks to transfer this litigation to the Eastern District of Pennsylvania ("EDPA") pursuant to 28 U.S.C. § 1404(a).  In its opening Memorandum, ECFMG demonstrated that venue in the Southern District of New York ("SDNY") for this particular action is neither convenient nor just.  Plaintiff's Opposition advances two primary arguments for why this case should remain in SDNY:  (1) that some of Plaintiff's family resides in New York and she eventually wants to live there (although she does not live there now and has never lived there); and (2) New York City is relatively close to Philadelphia, so ECFMG is not inconvenienced by litigating this case in SDNY.  (Pl.'s Opp. Def.'s Mot. Transfer (Dkt. 12) ("Opp."), at 1, 5-7).  Both arguments fail.  Indeed, the overwhelming majority of relevant considerations favor transfer to EDPA, and the inconvenience to ECFMG of litigating this matter in SDNY is substantial, especially when viewed against the fact that SDNY has no relevant connection to the parties to or facts underlying this litigation.

II.    **ARGUMENT**

As noted in ECFMG's opening Memorandum, "[m]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."  *Cagle v. Cooper Cos.*, Nos. 91 Civ. 7828, 94 Civ. 4350, 92 Civ. 1650, 91 Civ. 6996, 93 Civ. 8970, 1996 WL 345771, at *2 (S.D.N.Y. June 24, 1996).  In exercising its discretion, the Court may consider the:  (1) convenience of witnesses; (2) location of relevant documents and relative ease of access to sources of proof; (3) convenience of the parties; (4) locus of operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) relative means of the parties; (7) forum's familiarity with the governing law; (8) weight accorded the plaintiff's choice of forum; and (9) efficiency and the interest of

1

justice, based on the totality of the circumstances.[1] *Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005). ECFMG's initial briefing addressed these relevant factors (including a number in detail) and nearly all strongly favor transfer. (*See* Mot. Transfer at 8-13). The underlying premise of § 1404(a) is that courts should withhold jurisdiction, although "proper" under 28 U.S.C. § 1391, where venue is inconvenient under the terms of § 1404(a). *See Blum v. Salomon*, No. 06 Civ. 3149, 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 26, 2006).

Plaintiff's Opposition discusses some, but not all, of the relevant factors. Plaintiff's Opposition misapplies the factors it does discuss, by relying on irrelevant facts and inapplicable law. For example, Plaintiff argues that the locus of operative facts is in SDNY, rather than EDPA, but overlooks substantial facts and law to the contrary. Additionally, nothing in Plaintiff's Opposition supports the notion that Plaintiff's choice of forum here deserves any deference. Plaintiff apparently is confused about whose "convenience" or "inconvenience" matters for the Court's analysis, and wrongly suggests that given the proximity of New York City to Philadelphia and the availability of train service between the two, a transfer of a case from SDNY pursuant to § 1404(a) should never occur. Finally, Plaintiff's argument that venue is appropriate in SDNY because New York recognizes a prima facie tort claim while Pennsylvania does not smacks of inappropriate forum shopping and is, in all events, irrelevant because Pennsylvania law should be applied regardless of the forum.

A. **The Locus of Operative Facts is in EDPA, not SDNY.**

"The location of operative events is a primary factor in determining a motion to transfer venue." *Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 481 (S.D.N.Y. 2009). "[I]n

---

[1] As set forth in ECFMG's original briefing, the Court's analysis of a motion to transfer should begin with an analysis of whether the case could have been brought in EDPA. (*See* Def.'s Mem. Law Supp. Mot. Transfer (Dkt. 7) ("Mot. Transfer") at 6-7). ECFMG explained in its opening Memorandum that this case could have been brought in EDPA; Plaintiff's Opposition does not contain any suggestion or argument to the contrary.

2

determining the locus of operative facts, a court must look to the site of events **from which the claim arises**." *Blum*, 2006 WL 3851157, at *4 (emphasis added).

Plaintiff's case here rests on her dispute with ECFMG's determination that she engaged in "irregular behavior" when completing ECFMG's On-line Authentication Process. As such, the "site of events from which [Dr. Izkhakov's] claim arises" must be where ECFMG reviewed and made determinations about Dr. Izkhakov's On-line submission (Philadelphia) or, perhaps, where Dr. Izkhakov was located when she completed the On-line Authentication Process (Israel). Plaintiff's Complaint details Dr. Izkhakov's contact with ECFMG regarding its determination of "irregular behavior," including two petitions for reconsideration and an appeal to ECFMG – all of which came about through contact initiated by Plaintiff with ECFMG **in Philadelphia**. (*See* Complaint (Dkt. 1) ("Compl.") ¶¶ 26, 29-33, 35-36). Remarkably, now, and in a transparent attempt to distance herself from EDPA, Plaintiff instead argues that her contact with ECFMG was limited to an "internet transaction."[2] (Opp. at 5). In her Declaration, Dr. Izkhakov goes so far as to state that she has "never" "engaged in any transaction whatsoever with anyone in the [Eastern] District [of Pennsylvania]." (Declaration of Elena Izkhakov (Dkt. 13) ("Izkhakov Decl.") ¶ 35). That assertion is flatly belied by repeated exchanges over a year and a half period between Plaintiff, Plaintiff's counsel, and ECFMG personnel **located in Philadelphia**.

Given the foregoing, Plaintiff's argument that her "declared domicile" in New York and the fact that some family members live in New York establishes the locus of operative facts in the SDNY is absurd. Indeed, Plaintiff cites no authority to support such a position, (Opp. at 5),

---

[2] Neither of the two cases Plaintiff cites argues against transfer to EDPA. *See Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*, No. 00 Civ. 1971 (AGS), 2000 U.S. Dist. LEXIS 13138, at * 22 (S.D.N.Y. Sept. 13, 2000) (denying transfer where alleged false statements and unfair competition occurred over the internet and through businesses located in New York); *Universal Grading Serv., et al. v. eBay, Inc., et al.*, No. 08-CV03557 (CPS), 2009 U.S. Dist. LEXIS 49841, at *74-5 (E.D.N.Y. June 10, 2009) (transferring the case from the Eastern District of New York because "[t]here is no allegation that any events, meetings or other incidents relevant to plaintiffs' claims occurred in New York").

3

nor could she. The locus of operative facts is determined by the site giving rise to the claims. If the claims here involved a family dispute, then the location of family members might be relevant. But in this case, Plaintiff's family played no role in Dr. Izkhakov's application to ECFMG nor in ECFMG's determination of irregular behavior. (*See* Izkhakov Decl. ¶¶ 19-22, 24-25). Therefore, the location of Plaintiff's family has no bearing on the locus of operative facts.[3]

"Courts routinely transfer cases when the principal events occurred . . . in another district." *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991). For the reasons discussed above and in ECFMG's original briefing, transfer is warranted because the events principal to Plaintiff's claim took place in EDPA or Israel, not SDNY. (*See* Mot. Transfer at 8-9).

### B. Plaintiff's Choice of Forum Here is Entitled to Diminished Weight.

"The weight accorded to a plaintiff's choice of venue is significantly diminished," where "the operative facts have no connection to the chosen district" and where plaintiff chooses a forum that is not her home district. *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 353 (S.D.N.Y. 1998); *see Brockmeyer v. May*, No. 98 Civ. 5521, 1999 WL 191547, at *3 (S.D.N.Y. Apr. 6, 1999); *Intria Corp. v. Intira Corp.*, No. 00 Civ. 7198, 2000 WL 1745043, at *8 (S.D.N.Y. Nov. 27, 2000); *Cagle*, 1996 WL 345771, at *2, 4). That is the case here.

First, as discussed above, the operative facts occurred in EDPA, not SDNY. Second, Plaintiff resides in Israel (Compl. ¶ 5), yet nonetheless chose to institute this proceeding in New York, a forum clearly other than her place of residence. As such, Plaintiff's choice of venue should be given little to no deference and the case should be transferred to EDPA.

---

[3] Further, for the purposes of identifying the site of the claims, the only residence that would matter is where Plaintiff resided at the time she applied to ECFMG and later disputed ECFMG's determination of "irregular behavior," not her future intended residence.

4

Even if Plaintiff's choice of venue were to be given any weight, if it is the only factor weighing against transfer, "[t]hat is insufficient to keep the action before [the chosen forum] when the remaining factors support a transfer." *Blum*, 2006 WL 3851157, at *5.

**C.   Given that the Locus of Operative Facts in EDPA and that Plaintiff's Selection of SDNY Deserves No Special Deference, the Convenience Factors Warrant Transfer to EDPA.**

1.   <u>When Analyzing the Convenience of the Parties, Plaintiff Overlooks the Significance of the Fact that She Resides in Israel, not New York.</u>

One of the compelling factors in analyzing a motion to transfer is the convenience of the parties. Here, there are two parties: Dr. Izkhakov and ECFMG. "The logical relevant starting point in determining the convenience of the parties is their residence." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006). Dr. Izkhakov's Complaint and Declaration are clear – she resides in Israel, not New York. (Compl. ¶ 5; Izkhakov Decl. ¶ 36). It is just as clear that ECFMG is located in Philadelphia, not New York. (Declaration of William Kelly (Dkt. 8) ("Kelly Decl.") ¶ 4). There are no other parties, and the analysis here is easy: Dr. Izkhakov has to travel internationally for this case whether it proceeds in SDNY or EDPA, while transfer to EDPA removes any inconvenience to ECFMG.

The inconvenience to ECFMG of litigating this case in SDNY, rather than EDPA, needs to be considered through the following lens: Plaintiff does not reside in New York now and did not when applying to ECFMG; Plaintiff's dispute with ECFMG relates to a determination made by ECFMG in Philadelphia, not New York. As explained in ECFMG's opening Memorandum, there are many difficulties inherent in ECFMG's ability to defend this case in SDNY rather than EDPA, for example, the travel time and inconvenience for ECFMG's witnesses to appear in the SDNY, along with the additional costs of traveling to and staying in New York. These are not just normal litigation difficulties, but are substantial inconveniences where ECFMG is bearing

5

these burdens because it was sued in a forum unrelated to either party or the party's claims.[4] This substantial inconvenience on ECFMG is all the more pronounced where ECFMG is a non-profit corporation stretching its resources to serve the common good: protecting the public's health and welfare by ensuring that foreign medical graduates meet minimum standards before participating in residency and fellowship programs in the United States. (Kelly Decl. ¶ 6).

    2. <u>Plaintiff's Opposition Analyzes the Convenience of the Wrong People.</u>

      a. *Counsels' Convenience is Completely Irrelevant to ECFMG's Motion.*

Despite Plaintiff's repeated references to the perceived burden or lack thereof for ECFMG's counsel to litigate in SDNY, counsels' convenience "is not an appropriate factor to consider on a motion to transfer." *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006); *Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). Plaintiff's references to the appearance of ECFMG's counsel at court conferences, office location(s) of ECFMG's counsel, and ECFMG's "international" law firm are irrelevant and gratuitous and should not impact this Court's consideration of the significant inconvenience **to ECFMG** of proceeding in SDNY, a venue with no relevant connection to Plaintiff, ECFMG, or this litigation. (*See* Opp. at 6, 10).

---

[4] While it is true that ECFMG has previously defended litigation in the Southern and Eastern Districts of New York without moving to transfer, it did so because the plaintiffs in those lawsuits were actually residents of New York, unlike Dr. Izkhakov, and ECFMG had direct dealings with those individuals in New York that gave rise to the litigations (each of which was dismissed in favor of ECFMG). *Wang v. ECFMG*, No. 05-CV-1862 (JS) (ARL), 2009 U.S. Dist. LEXIS 87319, at *4 (E.D.N.Y. Sept. 17, 2009); *Staudinger v. ECFMG, et al.*, No. 92 Civ. 8071 (JFK), 1994 U.S. Dist. LEXIS 105080, at *1 (S.D.N.Y. Aug. 3, 1994). Plaintiff argues that ECFMG cannot maintain it would be inconvenienced by litigation in SDNY if it previously appeared here. (Opp. at 8). In doing so, Plaintiff ignores the rule that a motion to transfer is considered on a case-by-case basis and that the absence of a compelling nexus between the parties, the litigation, and SDNY in this case makes the burden of ECFMG litigating in SDNY all the more substantial. *See Cagle*, 1996 WL 345771, at *2.

>  b. *Plaintiff Identifies No Specific Inconvenience to Any Percipient Witness.*

"Courts do not consider the convenience of . . . unspecified, unnamed witnesses in the transfer analysis." *Intria Corp.*, 2000 WL 1745043, at *3. Additionally, courts need not consider the convenience of numerous witnesses whose testimony will be cumulative. *Crow Constr. Co. v. Jeffrey M. Brown Assocs.*, No. 01 Civ. 3839, 2001 WL 1006721, at *3 (S.D.N.Y. Aug. 31, 2001) ("To the extent [one witness] would testify to the same things as [another], their testimony is cumulative and need not be considered here.").

Plaintiff concedes that ECFMG identified three witnesses who would have to travel to SDNY to testify about the investigation, procedures, appeals, etc. in ECFMG's determination that Dr. Izkhakov engaged in "irregular behavior." (Opp. at 6). Unlike ECFMG's opening Memorandum, Plaintiff's Opposition does not identify a single witness to be called at trial nor does it identify the likely testimony of any specific witness.[5] Plaintiff has thus offered no facts upon which the Court can assess whether, let alone conclude that, any witness for Plaintiff would be inconvenienced by transfer to EDPA. The Court can only weigh the convenience of specific non-cumulative witnesses. Plaintiff has identified none and Plaintiff concedes ECFMG identified three. Therefore, any weighing of the inconveniences to percipient witnesses can only favor ECFMG.[6]

---

[5] Instead, Plaintiff hypothesizes a "significant financial and practical burden of traveling with her various family members to Philadelphia." (Opp. at 10). The potential "financial and practical" burden associated with unspecified, unnamed family members and potential witnesses does not provided a basis upon which the Court can consider the convenience of those witnesses. *See Intria Corp.*, 2000 WL 1745043, at *3. Additionally, Plaintiff seems to concede that any testimony provided by these unnamed family members would be cumulative of her own testimony on damages, and the hypothetical inconvenience of cumulative witnesses similarly provides no basis for keeping this litigation in SDNY. (*See* Izkhakov Decl. ¶ 37).

[6] Plaintiff's Opposition provides a statement of facts that makes arguments about the merits of this matter. (*See* Opp. at 2-3). Leaving aside the merits, for now, it is at least worth noting that Plaintiff may rely on "two eyewitnesses" for her case – two witnesses who appear to live in Israel and, to the extent they would provide relevant testimony, would be inconvenienced equally by travel to SDNY or EDPA. (*See* Opp. at 3; Izkhakov Decl. ¶ 19).

7

Lastly, Plaintiff's statements regarding potential inconvenience to her family are irrelevant because the transfer analysis balances inconveniences only for *parties* and *witnesses* in the litigation. *See Walker*, 423 F. Supp. 2d at 117. Plaintiff's family members are neither parties nor known relevant witnesses. Plaintiff is the only witness specified in either her Opposition or her Declaration, and even therein, her inconveniences have not been stated explicitly. (*See* Izkhakov Decl. ¶¶ 37-38). The hypothetical, and unspecified, expense to non-party and non-witness relatives provides no basis for maintaining this action in SDNY rather than transferring to EDPA. By contrast, ECFMG's original briefing and the Declaration of William Kelly in support thereof specifically identify proposed witnesses, areas of likely testimony, and the burden on ECFMG of litigating this matter in SDNY rather than EDPA. (*See* Mot. Transfer at 11-12; Kelly Decl. ¶¶ 15-17).

     3.  The Proximity of EDPA and SDNY Does Not Foreclose Transfer.

Plaintiff incorrectly suggests that the proximity of EDPA to SDNY somehow forecloses the transfer of this matter. (Opp. at 6-7). To the contrary, proximity is only one piece of the Court's analysis. *See Walker*, 423 F. Supp. 2d at 117. Further, the cases Plaintiff cites do not support Plaintiff's argument against transfer from SDNY to EDPA. *See TIG Ins. Co. v. Century Indem. Co.*, No. 08 Civ. 7322 (JFK), 2009 WL 1564112, at *1, 3 (S.D.N.Y. June 4, 2009) (denying a motion to transfer venue from SDNY to EDPA where the reinsurance certificates at issue "were negotiated, underwritten, and issued in New York" because the defendant should have expected suit in New York).

In fact, in one of the cases Plaintiff cites, the court transferred the case from SDNY to EDPA because the claims arose in EDPA and EDPA was more convenient for witnesses and home to similar pending litigation between the parties. *CNA Ins. Co., et al. v. Martin Automatic,*

8

*U.K. Ltd., et al.*, No. 02 Civ. 1693 (GEL), 2002 U.S. Dist. LEXIS 15023, at *6, 13 (S.D.N.Y. Aug. 14, 2002).[7]  The same result is warranted here.

### D.      Plaintiff's Forum Shopping Favors Transfer to EDPA.

Plaintiff's Opposition argues that transfer is inappropriate because New York recognizes a claim for prima facie tort, while Pennsylvania does not.  (Opp. at 9).  Plaintiff's argument appears to concede to a certain degree of forum shopping.  In the context of a motion to transfer, a plaintiff's forum shopping results in less deference afforded to the plaintiff's choice of forum. *Victoriatea.com Inc. v. Cott Beverages Canada*, 239 F. Supp. 2d. 377, 382 (S.D.N.Y. 2003) ("Where the connection of the litigation to plaintiff's venue is attenuated and forum-shopping appears to drive the selection, Plaintiff's choice commands less deference.").

Further, Plaintiff is wrong that New York law applies to this matter.  (*See* Opp. at 9).  The analysis regarding what law governs any given action is more complicated than Plaintiff suggests and, although a full conflict of law analysis is outside the scope of this Reply, ECFMG respectfully submits that such an analysis would lead to the application of Pennsylvania, not New York, law.  The likely application of Pennsylvania law demonstrates that SDNY is not "the more appropriate forum for adjudicating this claim," (Opp. at 9); instead, EDPA would be more familiar with Pennsylvania law, including whether Pennsylvania recognizes a claim for prima facie tort.

---

[7]   The two other cases cited by Plaintiff do not further her position regarding transfer.  Both were decided by judges in EDPA, which considers motions to transfer venue under a similar, but not identical, list of factors.  Additionally, in *Sinakin v. Havens*, where the court denied transfer, the defendant argued that he was too "busy" to travel to Philadelphia.  No. 96-8199, 1997 WL 363859, at *2 (E.D. Pa. June 13, 1997).  ECFMG, through its opening Memorandum and supporting declaration has demonstrated in detail that litigating this matter in New York will be inconvenient, costly, and a business interruption; ECFMG does not rely on the generalized complaint of being too "busy" to travel.  In *Blanning v. Tisch*, the court took judicial notice of the short distance between EDPA and SDNY, and still granted transfer to New York based on other motion to transfer considerations.  378 F. Supp. 1058, 1060-63 (E.D. Pa. 1974).

**III.     CONCLUSION**

ECFMG agrees with Plaintiff on one thing:  the Court "must consider 'efficiency and interest of justice, based on the totality of the circumstances.'  Walker at 117."  (Opp. at 10).  But, as ECFMG has demonstrated, the interests of justice are best served by transfer to EDPA.  Transfer is warranted because, among other reasons, (1) the locus of operative facts is in EDPA, (2) Plaintiff's choice of forum is entitled to no special deference because Plaintiff resides in Israel, not New York, (3) only ECFMG has identified specific relevant witnesses and inconveniences of proceeding in SDNY, and (4) EDPA will likely be more familiar with applying Pennsylvania law, particularly to Plaintiff's "unique" prima facie tort claim.  For the foregoing reasons, and all of the reasons stated in ECFMG's Memorandum of Law in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), ECFMG respectfully requests the Court transfer this case to the Eastern District of Pennsylvania.

|  |  |
|---|---|
|  | Respectfully submitted, |
| May 18, 2012 | /s/Margaret E. Rodgers Schmidt |
| Date | Margaret E. Rodgers Schmidt (*pro hac vice*) |
|  | Morgan, Lewis & Bockius LLP |
|  | 1701 Market Street |
|  | Philadelphia, Pennsylvania 19103-2921 |
|  | 215.963.5000 (tele) |
|  | 215.963.5001 (fax) |
|  | mrodgersschmidt@morganlewis.com |
|  | OF COUNSEL: |
|  | Brian W. Shaffer |
|  | Morgan, Lewis & Bockius LLP |
|  | 1701 Market Street |
|  | Philadelphia, Pennsylvania 19103-2921 |
|  | 215.963.5000 (tele) |
|  | 215.963.5001 (fax) |
|  | bshaffer@morganlewis.com |
|  | *Attorneys for Defendant Educational Commission for Foreign Medical Graduates* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
ELENA IZKHAKOV, : *ECF Case*
 :
        Plaintiff, : **12 Civ. 0348 (ALC)(MHD)**
 :
-against- :
 :
 :
EDUCATIONAL COMMISSION FOR :
FOREIGN MEDICAL GRADUATES, :
 :
 :
        Defendant. :
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Defendant ECFMG's Reply in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) was filed electronically on this 18th day of May, 2012, and is available for viewing and downloading from the Court's Electronic Case Filing ("ECF") system.

                                          /s/Margaret E. Rodgers Schmidt
                                          Margaret E. Rodgers Schmidt (*pro hac vice*)