USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-10-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
:
**Elena Izkhakov,**
:
                           Plaintiff,      :      12 Civ. 348 (ALC)
:
          -against-                  :      **OPINION & ORDER**
:
**Educational Commission for Foreign Medical**
**Graduates,**                                :
:
                          Defendant.
-----------------------------------------X

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Elena Izkhakov ("Izkhakov") brings this action for declaratory judgment, injunctive relief, and monetary damages against defendant Educational Commission of Foreign Medical Graduates ("ECFMG"). Plaintiff seeks a declaration that she did not engage in "irregular behavior" as determined by ECFMG and an injunction enjoining ECFMG from imposing and implementing sanctions against plaintiff. Plaintiff further brings claims of defamation and prima facie tort against ECFMG.

      Defendant ECFMG filed the instant motion to transfer venue to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a), on March 19, 2012. It argues that transfer would advance the convenience of the parties and witnesses as well as the interests of justice. Plaintiff Izkhakov opposes the motion and wishes to remain in the Southern District of New York. For the reasons that follow, the Court finds that ECFMG has borne its burden, and ECFMG's motion to transfer is GRANTED.

1

**Background**

Plaintiff Izkhakov is a medical doctor who resides in Tel-Aviv, Israel. (Compl. ¶¶ 1, 5, 6). Plaintiff was born and raised in Uzbekistan and earned her medical degree from Tashkent State Institute in Uzbekistan in 1998. (Id. at ¶ 13.) In 1990, Plaintiff emigrated to Israel with her husband and two children, where she was certified to practice medicine in 1991. (Id. at ¶¶ 14, 15.) Plaintiff is currently an attending endocrinologist at Ichilov Hospital in Tel Aviv. (Id. at ¶ 19.)

Defendant ECFMG is a non-profit corporation organized under the laws of Pennsylvania and has its principal office in Philadelphia, Pennsylvania. (Id. at 7.) Among other functions, ECFMG certifies whether international medical graduates ("IMGs") have met the minimum standards of eligibility for accredited residency and fellowship programs in the United States by verifying the validity of an IMG's medical school diploma and final medical school transcript and ensuring that the IMGs have taken and passed certain standardized examinations. (Declaration of William C. Kelly in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Kelly Decl.") ¶ 6.) ECFMG operates this certification process out of its Philadelphia office. (Id. at ¶ 7.) As is relevant to this case, ECFMG staff in Philadelphia investigate allegations of "irregular behavior" in connection with the application certification process. (Id. at ¶ 10.)

Plaintiff and her husband considered relocating to New York with their children to join other family members who emigrated from Israel to New York from 1993 to 1996. (Declaration of Elena Izkhakov in Opposition to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Izkhakov Decl.") ¶¶ 10–11.) In order to practice medicine in New York, Plaintiff, as an IMG, had to first take an exam known as the United States Medical Licensing Exam, which is

2

administered by ECFMG. (Compl. ¶¶ 9–11.) Plaintiff was unable to pass the exam, even after repeated attempts. (Izkhakov Decl. ¶ 12.) In around 2008, Plaintiff renewed her efforts to pass the exam. (Id. ¶ 15.) On March 14, 2010, Plaintiff, while in Israel, completed ECFMG's On-line Authentication Process, a prerequisite to submitting an application for examination to ECFMG. (Compl. ¶ 21.) Plaintiff's on-line application was processed and investigated in Philadelphia by ECFMG employees. (Kelly Decl. ¶¶ 9–12.) On March 29, 2010, ECFMG notified Plaintiff of allegations that she "engaged in irregular behavior in connection with [her] providing false information to ECFMG."[1] Additionally, the March 29, 2010 letter informed Plaintiff that her case would be referred to the ECFMG Medical Education Credentials Committee ("Credentials Committee") for review in Philadelphia. (Memorandum in Support of Transfer at 3.) On March 30, 2010, Plaintiff responded by letter to an ECFMG employee in Philadelphia, explaining that the allegations were the result of misunderstandings. (Compl. ¶ 26.)

On May 11, 2010, the Credentials Committee reviewed Plaintiff's case at its meeting in Philadelphia. (Kelly Decl. ¶ 13.) On May 20, 2010, ECFMG, by letter from its Philadelphia office, notified Plaintiff of the Credentials Committee's decision that she engaged in "irregular behavior" and the resulting sanctions. (Compl. ¶¶ 27–29.) On September 7, 2010, Plaintiff submitted a petition for reconsideration of the Credentials Committee's decision to ECFMG in

---

[1] In connection with ECFMG's certification process, ECFMG defines "irregular behavior" as follows:

> Irregular behavior includes all actions or attempted actions on the part of applicants . . . that would or could subvert the examination, certification or other processes, programs, or services of ECFMG . . . . Examples of irregular behavior include, but are not limited to . . . falsification of information on applications, submissions, or other materials to ECFMG.

(Memorandum in Support of Transfer at 2 n.3). According to ECFMG, Plaintiff falsely stated that she had not submitted an application to ECFMG previously (Plaintiff had submitted nine previous paper applications to ECFMG), and falsely stated that she graduated from Second Tashkent State Medical Institute (Plaintiff's nine previous applications stated that she graduated from Tashkent State Medical Institute). Id. at 3 n. 4.

3

Philadelphia. (Id. at 30.) On October 7, 2010, ECFMG, by letter from its Philadelphia office, notified Plaintiff that her petition for reconsideration was denied due to a lack of newly discovered material. (Id. at 31.) On October 18, 2010, Plaintiff submitted a second petition for reconsideration to ECFMG, which was denied by letter on October 29, 2010 for the same reason. (Id. at 32–33.) Also in October 2010, Plaintiff's husband moved to New York in anticipation of their family's relocation. (Izkakov Decl. ¶ 26.) On December 3, 2010, Plaintiff submitted a notice of appeal of the Credentials Committee's decision to ECFMG in Philadelphia. (Id. at 35.) On October 14, 2011, the ECFMG Review Committee for Appeals ("Appeals Committee") considered Plaintiff's appeal at its meeting in Philadelphia. (Kelly Decl. ¶ 14.) On October 25, 2011, ECFMG notified Plaintiff by letter that the Appeals Committee did not grant her appeal. (Compl. ¶ 36.) Subsequently, Plaintiff initiated this action in the Southern District of New York, alleging that the events described above caused her harm. ECFMG now petitions the Court for a transfer of venue to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a).[2]

## Discussion

### A. Governing Law

Title 28 U.S.C. § 1404(a) provides that, "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he purpose of [this] section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805 (1964) (citation and quotation marks omitted). A motion to transfer venue first requires the Court to decide whether the case could have been brought in the

---

[2] This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1332.

4

transferee district. If venue in the transferee district is appropriate, the second question is whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice. See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F.Supp.2d 395, 401 (S.D.N.Y. 2005). Determinations of convenience under § 1404(a) are fact-specific and made on a case-by-case basis. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). A motion to transfer lies "within the broad discretion of the district court." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).

In answering the second question, the district courts consider a number of factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

Walker v. Jon Renau Collection, Inc., 423 F.Supp.2d 115, 117 (S.D.N.Y. 2005).[3] The moving party bears the burden of demonstrating the desirability of transfer by making "a clear and convincing showing that the balance of convenience favors [it]s choice" of forum. Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955, 962 (S.D.N.Y.1995). The plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of transfer. See S–FER Int'l, Inc. v. Paladion Partners, Ltd., 906 F.Supp. 211, 213 (S.D.N.Y.1995). "There is no rigid formula for balancing these factors and no single one of them is determinative." Indian Harbor, 419 F.Supp.2d at 402 (internal quotations omitted). "Instead, weighing the balance 'is essentially an equitable task' left to the Court's discretion." Citigroup Inc. v. City Holding Co.,

---

[3] Courts also consider so-called "public interest factors," such as court congestion, the interest in deciding localized controversies where they occur, and the appropriateness of a forum when state law must govern. Walker, 423 F.Supp.2d at 117 n.2.

5

97 F.Supp.2d 549, 561 (S.D.N.Y.2000) (citing First City Nat'l Bank & Trust Co. v. Simmons, 895 F.2d 76, 80 (2d Cir.1989)).

**B. Application**

a. Propriety of Transferee District

The first question is whether the action is one that might have been brought in the district to which transfer is sought. Herbert Ltd. P'ship v. Elec. Arts, Inc., 325 F.Supp.2d 282, 285 (S.D.N.Y. 2004). Under 28 U.S.C. § 1391, a civil action may be brought in any judicial district "where any defendant resides, if all defendants are residents" of that state, or in a judicial district "in which a substantial part of the events . . . giving rise to the claim occurred." Id. § 1391(a), (b).

Here, the proposed transferee district is a venue where this case might have been brought. ECFMG, the sole defendant in this action, has its principal office in Philadelphia and is incorporated in the state of Pennsylvania. Furthermore, as will be discussed in more detail below, all the communications with and decisions regarding Plaintiff's matter were made from Philadelphia. Plaintiff does not dispute that venue would be proper in that district. Therefore, this action could have been brought in Eastern District of Pennsylvania.

b. Transfer Factors Under Section § 1404(a)

i. *Convenience of Witnesses*

The convenience of witnesses is "typically the most important factor" on a motion to transfer. Eres N.V. v. Citgo Asphalt Refining Co., 605 F.Supp.2d 473, 480 (S.D.N.Y. 2009). "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what

6

their testimony will cover." Factors Etc., Inc. v. Pro Arts Inc., 579 F.2d 215, 218 (2d Cir.1978), overruled on other grounds by Pirone v. Macmillon, Inc., 894 F.2d 579 (2d Cir.1990). The Court must consider "the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." Indian Harbor, 419 F.Supp.2d at 404 (internal quotations omitted). The convenience of non-party witnesses is accorded more weight than that of party witnesses. Id. at 402.

ECFMG has pointed specifically to three high-ranking employees located in Philadelphia whose testimony is relevant to the instant action: William Kelly, Associate Vice President for Operations, Kara Corrado, Manager of Operations for Program Development, and Stephen Seeling, Vice President for Operations. These witnesses will testify to the facts concerning Plaintiff's application to ECFMG, ECFMG's policies and procedures regarding "irregular behavior," the investigation and hearing concerning Plaintiff's "irregular behavior," and events subsequent thereto. (Kelly Decl. ¶¶ 15–17.) Absent transfer, these witnesses will need to travel from Philadelphia to New York.

Plaintiff contends that "most or all" of her family members who reside in this District and who would be available to testify to Plaintiff's character and the damages her family has suffered would be inconvenienced if the case was transferred to Philadelphia. Although Plaintiff lists the names of several family members residing in this District, she does not specify who would testify about what or how many witnesses would be needed to provide non-cumulative testimony regarding Plaintiff's character or damages. Considering the materiality, nature, and quality of the proposed witnesses, this factor weighs in favor of transfer.

### ii. *Locus of Operative Facts*

"The location of operative events is a primary factor in determining a § 1404(a) motion." Eres N.V., 605 F.Supp.2d at 481 (internal quotation omitted). In this case, all correspondence, submissions, and decisions of which Plaintiff complaints originated in, were targeted to, or were made in or from Philadelphia. Plaintiff does not come forward with any operative facts that occurred in this District.

Therefore, this factor strongly favors transfer to the Eastern District of Pennsylvania.

### iii. *Weight Accorded to the Plaintiff's Choice of Forum*

The plaintiff's choice of forum is ordinarily accorded significant weight in the transfer analysis. However, this weight is "significantly diminished" where "the operative facts have no connection to the chosen district," Royal Ins. Co. of Am. v. United States, 167 F.Supp.2d 573, 576 (S.D.N.Y. 2001), or where "plaintiff chooses a forum other than her place of residence." Intria Corp. v. Intira Corp., No. 00-cv-7198, 2000 WL 1745043, at *8 (S.D.N.Y. Nov. 27, 2000).

Although Plaintiff's husband and family reside in this District and Plaintiff plans to reside here in the future, she does not presently live here. More important, the center of gravity of this litigation is in the Eastern District of Pennsylvania and the operative facts have absolutely no connection to this District. Given these findings, Plaintiff's choice of adjudicating her claim in this District "should not receive the level of deference normally accorded to a plaintiff's choice of forum." AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F.Supp.2d 640, 649 (S.D.N.Y. 2011).

Accordingly, Plaintiff's choice of forum is accorded little weight in the Court's analysis.

iv. *Location of Evidence*

This factor is less important "in an era of electronic documents, easy copying and overnight shipping." ESPN, Inc. v. Quicksilver, Inc., 581 F.Supp.2d 542, 548 (S.D.N.Y.2008). Nevertheless, given that all the relevant documents are currently located in Philadelphia, this factor weighs slightly in favor of transfer. Millenium, L.P. v. Hyland Software, Inc., 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003).

v. *Convenience and Relative Means of the Parties*

When considering the convenience of the parties, "[t]he logical starting point is a consideration of the residence of the parties." Frasca v. Yaw, 787 F.Supp. 327, 331 (1992) (citing Heyco, Inc. v. Heyman, 636 F.Supp. 1545, 1550 (S.D.N.Y.1986)). Plaintiff resides in Israel, and will have to travel internationally regardless of the forum (although Plaintiff prefers to travel to New York because that is where her family resides). ECFMG has its principal office in Philadelphia and its witnesses and documents are there. Travelling to New York would be more inconvenient to ECFMG than remaining in Philadelphia.

Consideration of the relative means of the parties does not bear heavily on the Court's analysis. This factor may "support or discourage transfer of venue if there is a significant financial disparity between the parties." AGCS Marine, 775 F.Supp.2d at 648 (quoting Herbert, 325 F.Supp.2d at 290). Although Plaintiff points out that ECFMG is a corporation with hundreds of employees, no showing has been made that this is relevant to Plaintiff's ability to litigate this matter in Philadelphia. Indeed, no showing has been made that litigating this action in Pennsylvania or New York would impose an undue hardship on either party.

Therefore, this factor is neutral in the Court's analysis.

v. *Comparative Familiarity with the Governing Law*

Were this action to be tried in this District, it would be governed by New York's choice of law principles. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020 (1941). In determining the law to apply to torts, New York courts apply an "interest analysis" to identify the jurisdiction that has the greatest interest in the litigation based on the occurrences within each jurisdiction, or contacts of the parties with each jurisdiction, that "relate to the purpose of the particular law in conflict." Wultz v. Bank of China Ltd., 811 F. Supp. 2d 841, 846 (S.D.N.Y. 2011) (quoting GlobalNet Financial.Com v. Frank Crystal & Co., 449 F.3d 377, 384 (2d Cir.2006)).

ECFMG asserts that Pennsylvania law will govern the acts at issue. Plaintiff does not dispute that Pennsylvania law applies to this action, although she adds that Pennsylvania does not recognize the cause of action of prima facie tort. However, a difference in substantive law is not a proper basis of the transfer inquiry. Cf. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 247, 102 S. Ct. 252 (1981) ("The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry.") In any event, the Eastern District of Pennsylvania is likely more familiar with Pennsylvania law than this Court. Although not controlling, this factor weighs slightly in favor of transfer.

vii. *Trial Efficiency and Interests of Justice*

The Court is not aware of any reason why trial efficiency or the interests of justice would weigh in favor of keeping this case in this District. New York does not have a localized interest in deciding this case because the allegations do not involve injuries allegedly suffered in New York or by New York citizens.

Considering all relevant facts and circumstances, ECFMG has met its burden of showing that the relevant factors weigh in favor of transfer. On balance, the convenience of the parties and witnesses and the interests of justice favor transfer to the Eastern District of Pennsylvania.

## CONCLUSION

For the foregoing reasons, the defendant's motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404 is GRANTED (Dkt. No. 6.) The Clerk shall transfer the action and close the file in this District.

SO ORDERED.

Dated: New York, New York
July 10, 2012

_____
ANDREW L. CARTER, JR.
United States District Judge